In the Matter of the Application of THE PEOPLE'S RAILROAD COMPANY, of Syracuse, for the Appointment of Commissioners, etc.

A corporation organized under the act of 1884, providing for the construction of street surface railroads (Chap. 252, Laws of 1884), and proposing to construct its road through different streets of a municipality, upon failure to obtain the requisite consent of the property owners upon one street, or any number less than all that are named in its articles of association, may apply to the court for the appointment of commissioners to determine whether the road should be constructed along those streets, upon petition setting forth the fact of such failure as to them, without including all the streets named in the articles; and the company is not confined to one application.

Those persons only who are interested in property along the street or streets, in regard to which the petition is presented, are proper parties.

*It seems* the determination of the commissioners upon such an application does not bind or in an any manner affect the property owners along the other streets not named in the petition, but upon proceedings taken for the appointment of commissioners, as to their streets, they would have the right to appear and oppose without regard to the previous proceedings.

The affidavit accompanying the petition upon which such a proceeding was based gave a list of the property owners who had been applied to, and who had refused their consent, a list of the streets in which the persons so applied to lived, and the valuation in each street of the property owned by each person so refusing.    The petition showed the total valuation of property upon that portion of each of the streets mentioned along which the company proposed to construct its road, and it appeared

therefrom that the refusals represented more than half of the total valu-
ation. *Held*, that the papers were sufficient to confer jurisdiction.

*In re B. U. R. Co.* (23 Hun, 693); *In re B. S. R. R. Co.* (36 Hun, 644); *In
re N. Y C. R. Co.* (36 Hun, 355) distinguished.

The petition alleged that the consent of the common council of the city in
which the road was proposed to be constructed was duly given on a day
named. *Held*, sufficient; that nothing in the act required an averment
that such consent had been filed in the clerk's office as a condition pre-
cedent to the application

*It seems* that under the act (§ 4), the application for the appointment of
commissioners may precede the giving of any consent by the local
authorities.

(Argued January 29, 1889; decided March 5, 1889.)

APPEAL, on the part of certain property owners, from order
of the General Term of the Supreme Court in the fourth judicial
department, made April 7, 1888, confirming an order appoint-
ing commissioners under the act, chapter 252, Laws of 1884,
to determine whether the petitioner's road ought to be
constructed.

The material facts are stated in the opinion.

*Louis Marshall* for appellant, The order of the General
Term is reviewable here, since questions of law only were
raised which related to the jurisdiction of that court to appoint
commissioners, and in no way involved the exercise of
discretion. (*R. & S. R. R. Co.* v. *Davis*, 43 N. Y. 137.;
*In re Thirty-fourth St. R. R. Co.*, 102 id. 343 ; *N. Y. C.
Co.* v. *Mayor, etc.*, 104 id. 1; *In re N. Y. D. R. R. Co.*,
107 id. 42.) The court acquired no jurisdiction to appoint
commissioners, the petition failing to show that all persons
having an interest in the appointment and in their determina-
tion were made parties to the proceedings, and had received
the notices required by the statute. (Laws 1884, chap. 252,
§§ 3, 4; *Hilton* v. *Thirty-fourth St. R. R. Co.*, 1 How. Pr.
453.) Where a jurisdictional fact is sought to be alleged
upon information and belief, it cannot be considered, and no
jurisdiction is conferred. (*Yates* v. *North*, 44 N. Y. 272;
*Barnard* v. *Kobbe*, 54 id. 516 ; *Steuben Co. Bk.* v. *Alberger*,

78 id. 252 ; *Bennett* v. *Edwards*, 27 Hun, 352 ; *Marine Bk.* v. *Ward*, 35 id. 395 ; *Mowry* v. *Sanborn*, 65 N. Y. 584.) The petition was improperly verified, particularly as to such allegations as are made upon information and belief only. (Code Civil Pro. § 626.) The affidavits annexed to the petition were held to have embodied mere conclusions and were defective. (*Matter of New York Cable Railway Co.*, 36 Hun, 355 ; *Matter of Broadway Underground Railway Co.*, 23 id. 693 ; *Matter of Broadway Surface Railway Co.*, 36 id. 357.)

*Martin A. Knapp* for respondent. The only prerequisite necessary to give the General Term jurisdiction on such an application is proof of inability to obtain the necessary consents of the property owners. (*In re Thirty-fourth St. R. R. Co.*, 102 N. Y. 343.) The allegation of respondent's inability to obtain the necessary amount of consents required by the statute was sufficient. (*In re B. U. R. R. Co.*, 23 Hun, 693 ; *In re B. S. R. R. Co.*, 34 id. 414 ; *In re N. Y. C. R. Co.*, 36 id. 355 ; *In re S. T. Co.*, 38 id. 553.) Every presumption or inference is in favor of the judgment or order made, and the court will assume that the facts found were sufficient to sustain such judgment or order. (*Phillip* v. *Gallant*, 62 N. Y. 256, 265 ; *Kellogg* v. *Thompson*, 66 id. 88 ; *Murray* v. *Marshall*, 94 id. 611, 617 ; *First Nat. Bk.* v. *Wood*, 45 Hun, 411.) It is incumbent upon a party seeking a reversal of an order, to show affirmatively, that an error has been committed to his prejudice. (*Tracy* v. *Welsh*, 46 N. Y. 598 ; *E. C. F. Co.* v. *Hersee*, 103 id. 25 ; *In re L. I. R. R. Co.*, 45 id. 364.) The objection that the petition failed to show that the consent of the local authorities had been filed in the Onondaga county clerk's office is frivolous. (*In re B. S. R. R. Co.*, 34 Hun, 414 ; *In re Thirty-fourth St. R. Co.*, 102 N. Y. 343.)

Per Curiam. The People's Railroad Company of Syracuse is a corporation organized under " An act to provide for the

construction, extension, maintenance and operation of street surface railroads, and branches thereof in cities, towns and villages," passed May 6, 1884, and the laws supplementary thereto.  The company was organized and incorporated to construct, maintain and operate a street surface railway in the city of Syracuse, along and upon various streets designated in their articles of incorporation.  Not having obtained the requisite consent of the property-owners for the construction of their road through certain streets of the city, the company applied by petition to the Supreme Court, for the appointment of three commissioners, pursuant to the act above mentioned, to determine whether the railroad ought to be constructed and operated along certain streets mentioned in the petition, which petition did not include all the streets through which the company was formed to construct, maintain and operate its road.  Due notice of its intention to apply for such appointment of commissioners was given to the owners of property along certain streets through which it was alleged the company had failed to obtain the requisite amount in value of consents.  But no notice of such application for the appointment of commissioners was given to any of the owners of property along the other streets mentioned in its articles of incorporation, and which were not included in the petition above mentioned.  Application was made, pursuant to the petition and notice of its presentation, to the General Term of the Supreme Court, and upon such application various property owners along the streets named in the petition appeared through counsel and opposed the granting of such application.

The grounds upon which such opposition was founded were several, the chief of which were that the General Term acquired no jurisdiction to appoint the commissioners because it did not appear from the petition whether or not the necessary consent of the property owners had been obtained upon the various streets through which it was proposed to construct the railroad, other than those mentioned in the petition; and also that the petition did not allege facts showing that the petitioner had

failed to obtain the consent of the owners of more than one-half in value of the property upon the streets which were named in the petition. It is now claimed that the act contemplates but one application by any company organized under it to the court for the appointment of commissioners, and that in such application it must appear that the failure of the company to obtain the necessary amount in value of consents of property owners in the streets mentioned in the petition, includes all the streets wherein the company by its charter will claim the right to go in which such failure exists; and that as to all the other streets, consents to the necessary amount have been obtained, and that all those interested as property owners in the question must be made parties, so that the determination of the commissioners when confirmed by the court is to be a final one in regard to all the streets through which the company intend, or by its charter may have power, to run its tracks. Both of these grounds of objection were overruled at the General Term; the commissioners were appointed and reported in favor of the construction of a railroad through those streets which were named in the petition, and the report was confirmed by the General Term, and from such order of confirmation the property owners along such streets have appealed to this court. They have here argued, through counsel, questions of law only, claiming that orders of the General Term appointing the commissioners, and subsequently confirming their report, were made without jurisdiction and are consequently void.

The first ground taken by the learned counsel for the property-owners, that the act contemplates but one application, and that all persons interested, in all the streets, who have not consented, must be made parties, we do not think is tenable. A careful perusal of the act convinces us that there is nothing to prevent several applications in regard to particular streets named in the petition, provided such streets are also named in the articles of association, as being streets through which it is proposed to construct, maintain and operate the railroad. If the proceeding be taken in

regard to but one street, or any number of streets less than the total contained in the articles of association, those only who are interested in property along the streets in regard to which the petition is presented, are proper parties. And no determination made by such commissioners can bind or in any manner affect other property-owners along other streets not mentioned in the petition, and if subsequent proceedings should be taken for the appointment of commissioners to determine as to the construction of the road through their streets, such owners would have the right to oppose the granting of the petition or the making of the determination by the commissioners, wholly irrespective of any previous determination made by other commissioners in other proceedings in relation to other streets. We are unable to see that any evil results would flow from such a practice.

The other ground taken by counsel for the property-owners, that the petition is defective and confers no jurisdiction, because it does not allege facts showing that the company failed to obtain the consent of the owners of more than one-half in value of the property on the streets named in the petition, we think, is equally untenable. Counsel cites as sustaining his views: *Matter of Broadway Underground Railway Company* (23 Hun, 693); *Matter of Broadway Surface Railroad Company* (36 id. 644); *Matter of New York Cable Railway Company* (Id. 355).

We have examined each of the above cited cases and are of the opinion that they are not in principle opposed to the validity or sufficiency of the petition in this case. In those cases the affidavits contained no statement that any effort had been made at any time to obtain the consent of the persons owning property, but a general statement was inserted that some of the owners declined to consent, and that consents of others could not be obtained by reason of their absence, and that application had been made therefor diligently and in good faith. There was nothing to show what had been done, or the names of the persons to whom the application had been made, or the amount of the holding of each person, or the total amount of

the property owned on the street.    One of the many affidavits in this case, which are substantially alike, shows a list of the property owners who had been applied to and had refused to consent to the construction of the road in front of and along their respective premises.    It also gives a list of the streets in which the persons so applied to live, and the valuation in each street of the property owned by the person so refusing; and the petition shows the total valuation of the property on the portion of each of the streets mentioned along which the company proposed to construct its road, and it appeared therefrom that the refusals to consent represented more than one half of the total valuation.

We think that was enough.    It would be difficult to say more unless the affidavits should give the conversations had with the various property owners to whom application was made in which they refused to give such consent.

One other ground was taken that the petition was defective because it failed to show that the consent of the local authorities was filed in the office of the clerk of the county of Onondaga.    This we also think is of no weight.    The petition alleges that the consent of the common council of the city of Syracuse was duly given on or about the 27th day of July, 1887, for the construction and operation of the railroad The petition was dated December 24, 1887, and notice of its presentation was given for the 10th of January, 1888.

There is nothing in the act that we see making it necessary to state that such consent had been filed in the clerk's office as a condition precedent to the application for the appointment of commissioners.    Indeed, it would seem from the provisions of the fourth section of the act that application for the appointment of commissioners might precede the giving of any consent by the local authorities; as it is provided in such section that any consent given by such local authorities shall cease and determine at the expiration of one year thereafter, unless prior to the expiration of such period the company obtaining such consent shall have filed the consent of the requisite amount in value of the property owners, or the

determination of the commissioners confirmed by the court as therein provided.

The order of the General Term should, therefore, be affirmed, with costs.

All concur.

Order affirmed.