In the Matter of the Application of the CROSS-TOWN STREET RAILWAY COMPANY of Buffalo, N. Y.

*Street railways — failure to obtain consent of property owners — application for commissioners for a part only of a street and for less than that included in the route as projected.*

When a street surface railroad company has obtained the franchise, and the consent of the municipal authorities, to build and operate its road upon a projected route which includes the whole or a part of a particular street, it cannot divide up such projected route in that street and obtain the appointment of commissioners to determine whether the road shall be laid out and operated, as to a part only of such particular street, less than the portion thereof included in the route as projected, upon its failing to obtain the consent of property owners along such lesser part of the street.

APPLICATION by the Cross-Town Street Railway Company of Buffalo, N. Y., for the appointment of three commissioners to determine whether its railroad should be built in certain portions of Prospect avenue in the city of Buffalo.

*Box, Norton & Bushnell*, for the petitioner.

*Henry F. Allen*, for certain property owners, opposed.

MACOMBER, J.:

The petitioner, the Cross-Town Street Railway Company of Buffalo, was organized under chapter 252 of the Laws of 1884. Pursuant to chapter 642 of the Laws of 1886, as amended by chapter 564 of the Laws of 1889, this company obtained the right, by purchase at public sale, to operate its surface railroad through certain streets in the city of Buffalo, among which was Prospect avenue from Huron street to Pennsylvania street, a distance of 3,925 feet, being six blocks along Prospect avenue. The present application, however, is for the appointment of commissioners to determine whether the railroad should be laid and operated in that avenue from Huron street to Carolina street, a distance of only 1,175 feet, being two blocks along that avenue.

In the month of January, 1892, this corporation applied to the General Term, at Buffalo, for the appointment of commissioners to determine whether the railroad in Prospect avenue, as originally

projected, should be constructed. It was then alleged on the part of the petitioner, that, after proper efforts made in that behalf, it had been unable to secure the requisite number of consents of the property owners to enable it to proceed with the work. That application was opposed; and by consent the hearing was adjourned until the June term, 1892, at which time the company abandoned its application so made in the preceding January. The limitation prescribed by the statute (Chap. 281 of the Laws of 1889, and § 93 of chap. 565 of the Laws of 1890), for procuring the consent of property owners, or the appointment of commissioners by the General Term of the Supreme Court, was two years from the time of obtaining the consent of the municipal authorities of the city of Buffalo for the construction of such railway. But by contract entered into with the city of Buffalo, January 1, 1892, which was subsequently ratified and confirmed by the Legislature (Chap. 151, Laws of 1892), the time in which to build the petitioner's road in Prospect avenue was extended until the 8th day of February, 1896.

The petition before us shows that diligent efforts have been made by this corporation to obtain the consents of the property owners along that portion of the proposed route in Prospect avenue lying between Huron street and Carolina street; but that such efforts have been unavailing, and that it has not and cannot procure the consents of the owners of one-half in value of the property owners whose property is bounded on the proposed route. Under this state of facts, it is contended by the learned counsel for the petitioner, that this court has no discretion in the premises, but, upon being satisfied that the company after diligent effort has been unable to procure the requisite number of consents, is required to appoint three commissioners who shall inquire into the matter and report upon the same. The language of the statute is: "If the consent of property owners required by any provision of this article cannot be obtained, the corporation failing to obtain such consents may apply to any General Term of the Supreme Court, held in the department in which it is proposed to construct its road, for the appointment of three commissioners to determine whether such railroad ought to be constructed and operated." Thence follow provisions for giving notice to property owners. The section con-

tinues : " Upon due proof of service of such notice, the court to which the application is made shall appoint three disinterested persons, who shall act as commissioners, and who shall, within ten days after their appointment, cause public notice to be given of their first meeting in the manner directed by the court, and may adjourn, from time to time, until all their business is completed.  *  *  * After a public hearing of all parties interested, the commissioners shall determine whether such railroad ought to be constructed and operated and shall make a report thereon, together with the evidence taken, to the General Term, within sixty days after appointment, unless the court, or a judge thereof, for good cause shown, shall extend such time, and their determination that such road ought to be constructed and operated, shall be taken in lieu of the consent of the property owner hereinbefore required." (§ 94, chap. 565; Laws of 1890.) In fortification of this position of counsel reference is made to *Matter of Thirty-fourth Street R. R. Co.* (102 N. Y. 343), and *Matter of Broadway Surface R. R. Co.* (34 Hun, 414).

But it seems to us that the petitioner's application ought not to be granted, for the reason that it has failed to show for the purposes of this motion that it has made an effort to and has failed to obtain the requisite consents of the property owners along Prospect avenue from Huron street to Pennsylvania street. For aught that appears it has the requisite number of consents for the construction of the road for its entire distance on this avenue. The consent of the city authorities of Buffalo has not been procured to any change of the petitioner's route. We cannot safely assume that such authorities would have given the consent to construct a surface railroad on this avenue only between Huron street and Carolina street  Furthermore, there is nothing in the papers to show that the company has abandoned any part of its right along Prospect avenue, but that, for aught that appears, at the next term of court it may apply for the appointment of commissioners to determine whether a road shall be constructed for two certain other blocks on this route, and so-on until the entire distance is covered through the determination of the commissioners. The statute evidently did not contemplate a dividing up of a street in this manner. The case of *Matter of People's R. R. Co.* (112 N. Y. 578), is not in any respect an authority for the contention here made in behalf of the petitioner, for that

case merely holds that a surface railroad company, which has had the consent of the city authorities to build its railway through several streets of a city, is not obliged in its application to the court to ask for the appointment of commissioners for the building of a railway throughout all such streets

Counsel lays stress upon the expression in section 91 of chapter 676 of the Laws of 1892, which is as follows : " Such railroad shall not be built, extended or operated, unless the consent in writing, acknowledged as are deeds entitled to be recorded, of the owners of one-half in value of the property bounded on, and also the consent of the local authorities having the control of that portion of a street or highway upon which it is proposed to build or operate such railroad shall have been first obtained." The expression " and also the consent of the local authorities having control of that portion of a street or highway upon which it is proposed to build or operate such railroad," does not, as it seems quite clear to us, afford any warrant of authority to a surface railroad company thus to divide up its line or route which has been projected through the whole or part of a particular street, and which project has received the consent of the municipal authorities.

It follows that the application should be denied.

DWIGHT, P J., LEWIS and HAIGHT, JJ., concurred.

Petitioner's application for the appointment of three commissioners denied