In the Matter of THE AUBURN CITY RAILWAY COMPANY.

*Street surface railroad — appointment of commissioners to determine whether it
should be constructed — the refusal of property owners to consent is the only pre-
requisite — the consent of the municipality is not material to such appointment.*

Where a proceeding is taken by a street railroad company pursuant to that por-
tion of the General Railroad Law of 1890 (Chap. 565, art. 4, § 94 *et seq.*) which
relates to street surface railroads, to obtain the consent to its construction
required by law, the only prerequisite to the appointment of commissioners
to determine whether such railroad ought to be constructed and operated
is the fact that the consent of the property owners bounded on the street upon
which it is proposed to build or operate the railroad cannot be obtained. The
consent of the municipal authorities is a prerequisite to the construction, exten-
sion or operation of the railroad, but, as such consent is not necessary to the
appointment of commissioners, the question whether it has been given does
not necessarily arise upon a motion to confirm their report.

When it appears at the initiation of such a proceeding that the consent of the
property owners to the construction of the route named in the petition cannot
be obtained the statutory ground for the appointment of commissioners is
shown, and upon a motion to confirm their report the court will not consider
the question whether the petitioner contemplates the extension of its railroad
beyond the terminus stated in the petition, nor whether it has applied to the
common council of the city to permit such an extension nor whether the com-
mon council has consented to the extension.

MOTION for the reargument of an application for an order con-
firming the report of commissioners appointed to determine whether
a street railway ought to be constructed on West Genesee street in
the city of Auburn.

The motion was made upon the ground that the court, in confirm-
ing the report of the commissioners, overlooked certain objections
to the appointment of the commissioners set forth in the answer of
the respondents, and reserved by the court for consideration upon
the application for confirmation.

*John D. Teller*, for the motion.

*E. C. Aiken*, opposed.

BRADLEY, J. :

On the coming in of the report of the commissioners appointed
in this proceeding and after hearing counsel for the parties the

report was confirmed. This motion for reargument is founded upon the apprehension that certain preliminary questions or objections may not have had consideration in granting, upon the merits, the motion to confirm the report of the commissioners and especially the question sought to be raised of asserted variance between the route of the railway as described in the petition and that on which it is said the petitioner proposes to construct its railway. The Auburn City Railway Company was organized upon the consolidation of the East Genesee Street and Seward Avenue railway and the Auburn and Owasco Lake railway pursuant to Laws of 1886, chapter 163. The petition by which this proceeding was instituted, after stating the streets of the city in which it has since the organization of the company operated its railway, states that the " petitioner proposes to extend its railroad from the corner of State street west through West Genesee street to South Division street near the west bounds of the city;" that application had been made to the common council of the city of Auburn " to consent to the construction and operation of said railroad of your petitioner and a hearing has been advertised as required by law," and after stating that diligent efforts had been made in behalf of the petitioner to obtain consent of the owners of the property bounded on that portion of the street upon which it is proposed to construct and operate its railroad, it is alleged that " the consent of the required owners of property cannot be obtained to permit the construction of said proposed railroad."

The contestants answered the petition. And thereupon, on application, an order was made appointing commissioners to determine whether a street railway ought to be constructed on West Genesee street. The commissioners were thereby directed to take the evidence touching all questions of fact raised by the answer, and it was by the order provided that all questions of law and fact arising upon the petition and answer be heard and determined by the court at the time the application should be made for confirmation of their report, as fully as if they had been heard before the commissioners were appointed; that " it appears that objections, based upon both law and fact, were raised by such answer to the appointment of said commissioners, and that the hearing, trial and determination of such questions and objections should be postponed until the confirmation

of the report of the commissioners is applied for without prejudice to any of said objections by reason of such postponement."

It is said that the company proposes and intends to construct its road beyond South Division street and to the west bounds of Cayuga County Agricultural and Horticultural grounds, which is some distance westerly of that street, and that the consent of the municipal authorities of the city of Auburn is for the construction of a railroad to the west bounds of such grounds. This fact did not appear in the evidence before the commissioners. The petitioner offered in evidence a statement of a proposed extension and franchise granted by the common council, and it was excluded upon the objection of the contestants. The contestants seek upon the application for confirmation of the commissioners' report to raise this question, and thereupon to urge as an objection to the confirmation that no consent of the municipal authorities, other than the one for the construction of the railroad extending to the west line of those county grounds was given; that it does not appear that the requisite consents could not be obtained to construct the railroad to that point, or that any effort was made to obtain consents for the construction of the railroad described in the petition.

No such objections were taken upon the application for the appointment of the commissioners, nor did any facts appear upon that application in support of such objections. Reference, however, is made to the order, by which it is claimed that the consideration of them was postponed until the application for the confirmation of the report should be made, and then to be presented and determined. Such seems to be the saving provisions of the order as to such objections as are raised by the answer.

By it the contestants admit that the company had made application to the common council of the city " to consent to the construction and operation of said railroad, and a hearing thereon has been advertised, as required by law, but allege that said application is for the construction and operation of a railroad from the corner of State and Genesee streets in said city through Genesee street to the west bounds of the Cayuga County Agricultural and Horticultural grounds, a point some distance west of the western terminus of the railroad described in the petition." This fact, so affirmatively alleged, did not appear upon the hearing before the commissioners, nor did

it appear there what consent had been given by the municipal authorities, nor was any objection specifically taken by the answer to the effect that no application had been made to the common council, or none given by it, for the construction of a railroad in West Genesee street, as described in the petition.

The hearing before the commissioners proceeded in reference to the latter route, and, after taking the evidence, etc., they, by the report, determined " that the railroad described in the petition ought to be constructed and operated." It seems that whether the petitioner contemplated the extension of its railroad beyond the western terminus mentioned in the petition, or whether application therefor was made to the common council and the consent of the common council was given, are not here for consideration on the application for confirmation of the report of the commissioners.

. The requirement preliminary to the application for the appointment of commissioners in such a case is the fact that the requisite consent of the property owners cannot be obtained; when that appears, the commissioners shall be appointed. (Laws 1890, chap. 565, § 94.) That is the only prerequisite to the appointment. (*Matter of Thirty-fourth St. R. R. Co.*, 102 N. Y. 343.)

The allegation in the petition that the requisite consent of the owners of property could not be obtained to permit the construction of the proposed railroad was supported before the commissioners by the concession there made and entered in the minutes of the proceedings " that the consent of the requisite number of property owners cannot be obtained to consent to the proposed railroad by the petitioner." The preliminary fact essential to the appointment of the commissioners and in support of their report in that respect was thus made to appear and established.

The consent of the municipal authorities is a prerequisite to the construction, extension or operation of the railroad. (Laws 1890, chap. 565, § 91.) But as such consent is not necessary to the appointment of the commissioners, the question whether or not it has been given does not necessarily arise upon motion to confirm their report.

Our attention is called to *Matter of Cross-town Street Ry. Co.* (68 Hun, 236; 22 N. Y. Supp. 818) as authority in opposition to the motion to confirm the report. There the petitioner, having obtained

by purchase the right to construct a railroad in Prospect avenue from Huron street to Pennsylvania street in the city of Buffalo, and having obtained the consent of the authorities of the city of Buffalo to construct it, made application for the appointment of commissioners in a proceeding instituted for the purpose. The length of that route in the avenue was nearly 4,000 feet. The proceeding was abandoned, and upon petition another application was made for the appointment of commissioners to determine whether a railroad ought to be laid and operated in that avenue between Huron street and Carolina street, a distance of 1,175 feet. The application was denied. And the reasons for the denial as given in the opinion of the court were (1) that the petitioner had failed to show that it had made ineffectual effort to obtain the necessary consents of the property owners along the avenue from Huron street to Pennsylvania street, and for aught that appeared they might have been obtained; (2) that no consent of the city authorities had been obtained to any change of the route, and it could not be assumed that they would consent to construct a railroad only between Huron and Carolina streets; (3) that it did not appear that the petitioner had abandoned any part of its right to construct a railroad in the avenue, (4) and that it was not within the contemplation of the statute that the petitioner should have the right for the purpose of distinct proceedings to divide the route thus acquired in the avenue into sections. No general principle was enunciated by the court in that case. It was disposed of upon its own peculiar circumstances, and in view of them it is deemed well decided. Unless something appears to take a case of this nature out of the operation of the general rule, the main question is whether it is made to appear that the requisite consent of the property owners cannot be obtained. The main reason for the denial of the application in the *Cross-town* case may have been in the fact that it did not appear that the petitioner could not obtain the requisite consent of the property owners for the construction of the railroad between the termini of the route in the avenue, where it appeared that the petitioner had obtained the right and consent, other than that of the property owners, to construct it. In the present case no such objection was specifically raised upon the application for the appointment of commissioners or in the answer to the petition. And it appeared on the hearing before the commissioners

that the requisite consents of the property owners to the construction of the proposed railroad could not be obtained by the petitioner as before mentioned.   For the purpose of the question here the proposed railroad must be deemed that to which the proceeding and the hearing had before the commissioners related.   And it cannot now well be insisted by the contestants in this proceeding that it did not appear that the petitioner could not obtain such requisite consents.

No other question requires the expression of consideration on this motion.

The motion for reargument should, therefore, be denied.

LEWIS and WARD, JJ., concurred.

Motion for reargument denied.