The plaintiff is a street railroad company duly incorporated in the year 1893. In January, 1895, it instituted this proceeding under section twelve of the Railroad Law to acquire the right to cross the defendants' tracks at a point where they intersect the highway upon which the petitioner's road is constructed. The matter was tried before a referee, who, in February, 1897, dismissed the proceeding, holding that the petitioner had not shown any right to maintain it. A judgment of dismissal, with costs, was entered and subsequently affirmed at the Appellate Division. On May 22, 1897, chapter 754 of the Laws of 1897 was enacted, to go into effect on the first of July thereafter. This statute made some *Page 232 
important changes in the procedure in order to acquire the right in question. The learned counsel for the defendant contends in the first place that the proceedings were properly dismissed by the referee under the law existing when the decision was made; but if not, then the new law of July 1, 1897, has placed such insurmountable obstacles in the petitioner's way that it is impossible now for it to maintain this proceeding, and hence that the action of the courts below should be affirmed.
We think that the petitioner was entitled to maintain the proceeding, and that the judgment of dismissal proceeded upon an erroneous construction of the statute applicable to such cases. It will be quite sufficient to indicate briefly the reasons and grounds upon which such conclusion is based:
1. The new statute, passed in May, 1897, to go into effect on the first of July following, has no application to this case. Whether the judgment entered on the report of the referee is right or wrong must depend upon the law applicable to the case when the decision was made, and not upon some law passed subsequently. It is a general rule in the construction of statutes that they are not to be given any retroactive effect when the language employed is fairly capable of any other construction. The new statute of 1897 was not intended to affect pending cases, but was prospective in its operation. (In re VanKleeck, 121 N.Y. 701; N.Y. O.M.R.R. Co. v. Van Horn,57 N.Y. 473; In re Miller, 110 N.Y. 216; People v. O'Brien,111 N.Y. 1.) Moreover, it has been held that proceedings of this character pending at the time of the passage of the new law were not affected thereby, but were saved from its operation by section thirty-one of the Statutory Construction Law. (People exrel. City of Buffalo v. N.Y.C. H.R.R.R. Co., 156 N.Y. 570;158 N.Y. 410.) The proceedings in this case were pending in the courts when the new act was passed, and hence the judgment must be reviewed here upon the law existing at the time the decision complained of was made.
2. The statute then in force provided, in substance, that *Page 233 
unless the two railroads could agree with respect to the terms and conditions upon which the crossing should be made, those matters should be determined by commissioners appointed by the court, "as is provided in the Condemnation Law." It was assumed by the parties in this application for the appointment of commissioners that, since they were to be appointed in the same manner as in proceedings for condemnation, the petitioner is bound to prove all the facts necessary to maintain the latter proceeding. The learned counsel for the street railroad company contends upon this appeal that proof of the consents of the local authorities and of the abutting owners was not a condition precedent to the right to maintain the proceedings, as the referee held, and in support of this contention he has cited authorities which are said to apply. (In re L. B.R.R. Co.,77 N.Y. 561; 90 Hun, 9; affd., 152 N.Y. 632.) Without passing upon that question now, we think that the appeal should stand or fall upon the theory that the case was tried and submitted to the referee, and not upon a new theory not presented at the trial or distinctly passed upon by the referee. It seems to have been assumed by both parties at the hearing that proof of such consents was necessary in order to maintain the proceeding; and if the petitioner failed to make this proof we ought not to disturb the decision below upon some other ground, or upon some new theory of the case.
The street railroad is about seven miles in length, and the line runs through a rural town and two villages, each having a distinct municipal government and different authorities in charge of the highways. The crossing in question is wholly in the town, and the petitioner produced the consent of the highway commissioners of that town to the construction of the railroad. It is admitted in the opinion of the learned court below that this paper is sufficient in form and substance to meet all the requirements of law providing for the consent of the local authorities in control of the highway. Whether a steam railroad crossing a highway in the town should be intersected by a street railroad at the same point was a question to *Page 234 
be determined by the authorities of the town in which the crossing was located. The authorities of some other town or village had no power to consent, and were not concerned with the question. The paper produced proved that, so far as the local authorities of that town were concerned, the petitioner was in the lawful use of the highway for the purpose of operating a railroad. (In re People's R.R. Co., 112 N.Y. 578.) We, therefore, concur with the learned court below with respect to the consent of the local authorities, and hold that the statute was complied with in that respect.
3. The petitioner's application has been defeated in the courts below on the ground that it failed to comply with the statute with respect to the consents of the requisite property owners on the line of the road in this same town. If, upon that point, the petitioner made the necessary proof before the referee, the proceedings should not have been dismissed. The petitioner produced at the hearing two separate instruments, which it is admitted were executed in proper form to express the consent of the abutting property owners in such cases, and these instruments were duly executed by the requisite number of persons in the town owning property of the required value on the line of the road. One of these papers is signed by thirteen abutters whereby they consented to the construction of a railroad on the highway by the petitioner, which had previously been incorporated. This paper is not challenged in any respect, but it is conceded that the parties who executed it did not represent the requisite amount of property on the line of the railroad in the town. Another instrument signed by thirty abutters prior to the incorporation of the petitioner was also produced. In this paper the property owners consented that two individuals named therein, their legalrepresentatives and assigns, might construct a street railroad in the highway. After the petitioner became incorporated the two individuals named in the consents assigned them through other parties to the railroad. These consents are in form and substance sufficient unless they are inoperative by reason of the fact that they were procured by and given to the two individuals who *Page 235 
were promoters of and interested in the construction of the road instead of the railroad itself. It is admitted that these two instruments contain the consents of the owners of the requisite amount of property on the line of the road in the town, and the only question to be considered is whether the consents in the paper last described were invalid for the reason that they did not run directly to the railroad, but to individuals through whom they were transferred directly to the railroad. The learned referee held that they were invalid, and in this ruling he has been sustained by the learned court below upon appeal. The reason for condemning these consents was that it would be contrary to public policy and to the spirit of the law to allow individuals to procure the consents to themselves and then, as they might, sell them to the highest bidder. We think that this is a remote danger at best, but in any event it should not be invoked to destroy consents given and acted upon without some proof that the parties who procured them contemplated their use for purely commercial purposes. When it appears that consents were neither given nor received in good faith for the purpose of facilitating the construction of a railroad, but for some other purpose, not contemplated by the statute, the discussion of such a question might be timely. But no inference of that character can be drawn from the face of the papers in this case. It is common practice and perhaps common prudence for the projectors of a railroad to employ parties in advance to procure rights of way, consents or like privileges to be used after the incorporation. The fact that the railroad acquires such rights through an intermediary by assignment, instead of directly from the property owners themselves, does not affect their validity. What the Constitution and the statute requires in such cases is simply the consent of the property owner that the highway through his property may be burdened with another easement in the form of a railroad, and when such consent is fairly and in good faith given to one interested in the railroad and by him transferred to the corporation, we are unable to see why it should not be treated and considered as valid as if it ran in terms to the railroad *Page 236 
itself. The instrument in question contains a recital of the motives of the parties if that is at all important. They all state that the projected railroad would be a benefit to them and to their property, and that for value received they are willing that it should use the highway for its operations. We think that every purpose of the statute was complied with when the property owners gave the consents and they were transferred by assignment to the corporation, and the railroad was constructed upon the faith of this action of the property owners. It is not open now to another railroad for the purpose of defeating an application to cross its tracks to impeach such consents as invalid. If there is any reason whatever to question the validity of such consents, that right should be limited to the state itself or to the property owners affected. (Jones v. Town of Tonawanda,158 N.Y. 438.)
The decision of the referee disposed of two applications by this petitioner to procure a crossing at two points in the town, one over the tracks of the New York Central and the other over the tracks of the Fall Brook railroad, of which the Central is the lessee. Both applications involved the same questions, and the proceedings in both were dismissed on the same ground.
The order and judgment in both cases should be reversed, with costs, and the proceedings remitted to the Special Term for another hearing.
PARKER, Ch. J., BARTLETT, HAIGHT, MARTIN, VANN and LANDON, JJ., concur.
Order and judgment reversed, etc. *Page 237