(78 Misc. Rep. 220.)

MANHATTAN BRIDGE THREE CENT LINE v. BROOKLYN HEIGHTS R. CO. et al.

(Supreme Court, Special Term, Kings County. November, 1912.)

1. STREET RAILROADS (§ 22*)—CONSTRUCTION—CONDITIONS PRECEDENT.
A street railway, before constructing its road over a public highway, must obtain (1) the certificate of convenience and necessity from the Public Service Commission required by Railroad Law (Consol. Laws 1910, c. 49) § 9, or the consent of the Commission pursuant to Public Service Commission Law (Consol. Laws 1910, c. 48) § 53, or both, (2) the consent of the local authorities under Const. art. 3, § 18, and Railroad Law, § 171, and (3) the consent of abutting owners, or the determination of commissioners in favor of construction of the road, under the constitutional section cited and Railroad Law (Consol. Laws 1910, c. 49) §§ 171, 174.
[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 31, 37, 62, 73, 85; Dec. Dig. § 22.*]

2. STREET RAILROADS (§ 41*)—CONSTRUCTION—CONSENT OF ABUTTING OWNERS.
On the hearing of an application by a corporation duly authorized to construct a street railway over a certain route in the boroughs of Manhattan and Brooklyn, under Railroad Law (Consol. Laws 1910, c. 49) § 22, for the appointment of commissioners to determine the compensation for crossing the tracks of defendant railway at their intersection with Flatbush Avenue extension, and to have the lines, grades, and manners of intersection determined, where the petitioner shows the consents of abutting owners along Flatbush Avenue extension in an amount equal to one-half the value of adjoining property, as shown by the last assessment roll, the motion for appointment of commissioners will be granted.
[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 21, 114; Dec. Dig. § 41.*]

3. STREET RAILROADS (§ 41*)—CONSTRUCTION—ACQUISITION OF FRANCHISES.
The consent of existing railroads having trackage on streets, other than Flatbush Avenue extension, on routes coincident with those of plaintiff is not necessary to plaintiff's right of crossing defendant's tracks where they intersect that avenue.
[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 21, 114; Dec. Dig. § 41.*]

Proceedings by the Manhattan Bridge Three Cent Line against the Brooklyn Heights Railroad Company and others, under Railroad Law (Consol. Laws 1910, c. 49) § 22, for the appointment of commissioners to determine compensation, etc. Motion for appointment of commissioners granted.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Latson, Tamblyn & Pickard, of New York City, for plaintiff.
George D. Yeomans, of Brooklyn, for defendants.

KELBY, J.  The plaintiff makes application, under section 22 of the Railroad Law (Consol. Laws 1910, c. 49), for the appointment of commissioners to determine the amount of compensation to be paid by it for crossing the tracks of the defendants in Myrtle avenue and Willoughby street, at their intersection with Flatbush Avenue extension, and to have the commissioners determine the lines, grades, and manner of the intersections or connections of its tracks with those of the defendants at the streets above mentioned.  The petition alleges the incorporation of the plaintiff and its authorization to construct, maintain, and operate a street surface railroad.  The route described in its certificate of incorporation is as follows:

"Beginning at a point in the marginal way adjacent to the North river, in the borough of Manhattan, city of New York, at or near Desbrosses Street Ferry; thence on and over the marginal way and West street to Desbrosses street; thence upon and along Desbrosses street to Washington street; thence upon Washington street to Vestry street; thence upon Vestry street to Canal street; thence upon Canal street to and over the Manhattan Bridge and over and upon its approaches and plazas to Flatbush Avenue extension, in the borough of Brooklyn, city of New York; thence upon Flatbush Avenue extension to Fulton street; thence upon Fulton street to Rockwell place; thence upon Rockwell place to Flatbush avenue; thence on Flatbush avenue to Fourth avenue; thence on Fourth avenue to Atlantic avenue; thence on Atlantic avenue to Third avenue; thence on Third avenue to Flatbush avenue; thence on Flatbush avenue to Livingston street; thence on Livingston street to Hoyt street; thence on Hoyt street to and across Fulton street to Bridge street to said Flatbush Avenue extension, and crossing such streets and avenues, named and unnamed, as may be encountered in said route, with a branch line commencing in the route above described at the intersection of Washington street and Desbrosses street; thence upon Desbrosses street to Greenwich street; and thence upon Greenwich street to Vestry street, and there connecting with the route above described."

The contract between the city of New York and the Manhattan Bridge Three Cent Line, made July 10, 1912, was subsequently modified as follows:

"The rights hereby granted are for a continuous line, but it is expressly agreed that no forfeiture shall be claimed by the city in the event of the company being unable to secure the consents of the street surface railroads in the borough of Manhattan for operation over their tracks, provided through operation is had by the company over the balance of the route or routes hereby authorized."

The defendants contest the right of the plaintiff to maintain this proceeding on the following grounds:  First. That a portion of plaintiff's route, namely, Flatbush avenue, Atlantic avenue, Third avenue, Livingston street, Fulton street, is coincident with some of the existing lines of the defendants; that plaintiff cannot acquire the right to operate over these existing tracks.  Second. That plaintiff is without authority to lawfully construct and maintain a railroad upon any part of the route described in its articles of incorporation, because it cannot construct upon the whole of said route.  Third.  That plaintiff has failed to show either that it has obtained the consents of the abut-

ting property owners along the whole of its route, or in lieu thereof the determination of commissioners, as prescribed by the Railroad Law.

[1] It is clear that before a street railroad company may construct and operate its road in a public highway it must perform three conditions precedent: (a) It must obtain a certificate of convenience and necessity from the Public Service Commission, pursuant to either section 9 of the Railroad Law, or the consent of the Public Service Commission, pursuant to section 53 of the Public Service Commission Law (Consol. Laws 1910, c. 48), or both, as the case may be. (b) It must obtain the consent of the local authorities, pursuant to article 3, § 18, of the Constitution and section 171 of the Railroad Law. (c) It must obtain the consent of the abutting property owners, or in lieu thereof the determination of commissioners in favor of the construction of the road, pursuant to article 3, § 18, of the Constitution and sections 171 and 174 of the Railroad Law.

[2] The defendants cite Matter of Thirty-Fourth St. R. R. Co., 102 N. Y. 343, 7 N. E. 172, as controlling and in favor of their contention. The judge writing the opinion in that case said:

"The right of the railroad company under the act of 1884 [c. 252] to construct and operate its road was subject, therefore, to three precedent conditions: The consent of the local authorities, the consent of property owners, or in lieu thereof the determination of commissioners in its favor, *and the consent of the companies having coincident routes.* It is clear that all these conditions must be performed before any right to proceed with the construction of the road or any part thereof can be exercised."

The same opinion further on is quoted by both sides as authority for their respective positions, namely:

"It may be granted that if it had been made to appear that an insurmountable difficulty stood in the way of the construction and operation of the road of the petitioner, and not a mere present obstacle in the exercise of the franchise, the court would not have been bound to grant the application; but the fact that the other companies had, prior to the application, refused to consent does not show that the appointment of commissioners would be a vain and useless proceeding."

Much of the opinion thus quoted to me was not really involved in the main issue decided in that case. The litigation of the Thirty-Fourth Street Company was long before the courts; the first proceeding being Hilton v. Thirty-Fourth St. R. R. Co., 1 How. Prac. (N. S.) 453. In that case the plaintiff succeeded in enjoining the railroad company from constructing a surface railroad in Thirty-Fourth street; it being held that it was necessary for the railroad to have consents of abutting property owners of one-half in value of the property bounded on each of the several streets of the route, and not merely the consent of owners of one-half in value of the property upon the whole of the route over which it was proposed to build. The railroad company thereupon instituted a proceeding before the then General Term of the Supreme Court in the First Department for the appointment of commissioners to get the consent of commissioners in lieu of the property owners' consents. The court at General Term held that the statute which authorized them to appoint commissioners vested in them a

discretionary power, and held that, it appearing that the railroad company could not get the consent of the railroads operating the existing lines through Thirty-Fourth street, it would not appoint any commissioners. On appeal to the Court of Appeals this determination of the General Term was reversed; the only thing decided being that the court did not have such discretionary power, but that when the jurisdictional facts appeared in the petition it was obliged to exercise the power vested in it and appoint commissioners. I think, therefore, that the expressions in the opinion quoted to me were purely obiter. Upon the trial of this proceeding the plaintiff showed the consents of abutting owners along Flatbush Avenue extension only, in an amount equal to one-half in value of the adjoining property as shown by the last assessment rolls. The plaintiff did not offer the consents of any other property owners in evidence.

In the case of the Geneva & Waterloo R. Co. v. N. Y. C. & H. R. R. Co., 163 N. Y. 228, 57 N. E. 498, this question of property owners' consents came squarely before the court in a proceeding like the one at bar, involving the right of one railroad to cross the tracks of another. The route of the railroad in that case ran through the town of Waterloo and two villages. The only evidence produced on the trial of the proceeding before the referee as to property owners' consents was with reference to those in the town of Waterloo. The railroad ran along a highway which had different names in each of the villages and in the town itself. The consents of the property owners related solely to the town of Waterloo, and the consents of the property owners put in evidence, while they were equal to one-half in value, as prescribed by the statute, in the town alone, were not equal to one-half in value of the property along the whole of the route. The referee and the Appellate Division found that the consents of property owners were not sufficient, and therefore the proceeding could not be maintained. The Court of Appeals reversed the judgment of the referee and the Appellate Division, and held that there were sufficient property owners' consents, and refused to pass upon the question of the property owners' consents being a condition precedent to the maintenance of the special proceeding for crossing over the tracks of another railroad. While much may be said in favor of the proposition that the consents of the property owners along the whole of the line should be first obtained before construction and operation, and while such a construction would seem to be borne out by other sections of the Railroad Law, I am bound by the decision in this case, and therefore determine that the plaintiff, having obtained the necessary consents in the Flatbush Avenue extension, was not required to produce on the trial of this proceeding the consents of property owners on any other streets along their routes. Geneva & W. R. Co. v. N. Y. C. & H. R. R. Co., supra. See, also, Matter of People's R. R. Co., 112 N. Y. 578, 20 N. E. 367, and People v. Broadway R. Co., 126 N. Y. 29, 26 N. E. 961.

This is not a condemnation proceeding. The act under which the proceeding is brought (section 12 of the Railroad Law) states, in substance, that if the corporations cannot agree as to crossovers commis-

sioners shall be appointed by the court, as is provided in the Condem-
nation Law.   This means that the procedure only as to appointment
of commissioners in condemnation proceedings shall be followed. · The
statute was designed to save delay in making crossings of intersecting
railways when needed for the public use.   The Manhattan Bridge
Three Cent Line is doubtless bound to ultimately construct and oper-
ate the whole of its line as set forth in its charter.   Upon the failure
so to do the state may, by suit, compel forfeiture of its franchise.   Or
the Public Service Commission, knowing that it granted its certificate
of convenience and necessity to the operation of the whole line and
not part thereof, may compel the completion of construction and op-
eration of the through line by mandamus.   Public Service Commis-
sion v. New York R. Co., 77 Misc. Rep. 487, 136 N. Y. Supp. 720.
That question, however, does not properly come before me in this
case.

Complaint as to the weight of rail used by the plaintiff is also urged
as a ground of opposition to the motion.   This matter can be disposed
of by the commissioners, who have ample power to make the proposed
crossing safe, even if it involves the character of track used by the
plaintiff in the immediate approach to the crossing.

[3] I therefore determine that the plaintiff has shown the neces-
sary consents of property owners, as required by law, to maintain this
proceeding; that the present refusal of existing railroads having track-
age on streets, other than Flatbush Avenue extension, on routes coin-
cident with those of plaintiff is not necessary to the plaintiff's right
of crossing the defendants' tracks at Myrtle avenue and Willoughby
street.   The motion for appointment of commissioners is therefore
granted.

Motion granted.