## SIMMONS v. SINES.

December, 1868.

An order of commissioners of highways signed by only two, and not reciting a meeting, &c., of three, or notice to a third, is void unless it affirmatively appears that the town had only two commissioners. It cannot be presumed that there was not a third.

The rule that a grantee of land is entitled to a way of necessity over the land of his grantor is applicable, where instead of a formal transfer there is an equitable grant of the title with the right of possession.

David Simmons sued Jane Sines in the supreme court for trespass to lands.

The plaintiff was the owner of two lots, one of fifty acres and the other of fifty-five acres, adjoining each other. To one of them he obtained title in 1858, and to the other in 1861. Defendant owned a lot in the rear of the plaintiff's land, and from it a road runs through the plaintiff's two lots to the highway, and this road was the only means of access which defendant had to the public highway. It was opened and used as early as 1846 or 1847. An attempt was once made to have this road regularly laid out as a highway, but it failed through informality in the proceedings of the commissioners. Gould was the original owner of the three lots now owned by the parties to this suit.

The defendant was in possession of his lot at the time of the commencement of this suit, and had been for several years previously; it was purchased in 1846 of Gould, who was also the grantor to the plaintiff of the fifty-five acre lot through which the road in question runs; the plaintiff was at one time in possession of the defendant's lot, claiming to own it, and he transferred it to one Galusha, under whom the defendant claims title.

The referee found, as a conclusion of law, that defendant had a right of way over the land of plaintiff from necessity

The testimony relating to the plaintiff's ownership and sale of defendant's lot, was given by the plaintiff. He testified, after giving an account of previous occupants of defendant's

Simmons *v.* Sines.

lot, that Galusha succeeded Burton in possession. That he bought it of Galusha and kept it a year, and that Galusha bought it back and came on to it again. Upon being recalled he further testified that he bought the place of Galusha, and gave him his note for the amount going to him, and that Galusha handed him the contract. That he had it about a year and then gave back the contract to Galusha, and he gave up his note to him. That the contract was not assigned to him, nor did he give any writing when he handed it back to Galusha.

The plaintiff insisted that as Gould conveyed the lot over which the right of way was claimed, without reserving such right of way in respect of the rear lot which he retained, no such right of way was created (relying on Burr *v.* Mills, 21 *Wend.* 290), and insisted that plaintiff never was "a grantor" within the rule.

*The supreme court* held, on grounds similar to those of the following opinions, that he was a grantor within the rule.

Plaintiff appealed.

BACON, J.—[After stating the findings of the referee.]— This conclusion is fully sustained by the authorities, "ancient, constant and modern," and is as old as Siderfin and as recent as Barbour. The principle is thus stated in Buckley·*v.* Coles, 5 *Taunt.* 311: "If a person own close A., and a passage of necessity to it over close B., and he purchases close B., and thereby unites in himself the title to both closes, yet, if he afterward sell close B. to one person without any reservation, and then close A. to another person, the purchaser of close A. has a right of way over close B.

The principle which sustains a way of necessity was invoked and applied in the case of Smiles *v.* Hastings, 24 *Barb.* 44,* in which it was held, that such a right of way over several lots was a servitude to which each lot was equally subject, and was of the same character and force as if executed by express grant; that in case either of the lots was so situated that

---

* Affirmed as Smyles *v.* Hastings, 22 *N. Y.* 217.

there was no access to it by any public road or by any other means, without passing over the lands of other persons, a right of way passed to the grantee as a way of necessity, and such right, being appurtenant to the lands. would pass to persons deriving title from the original grantee.   In this case it is not only not controverted but is expressly found, that the defendant had no way of egress from his land to the public highway other than his right of way over the premises of the plaintiff.

[Remarks on an immaterial exception are omitted.]

The judgment should be affirmed.

GROVER, J.—The order laying out the road was signed by only two commissioners, and failed to show upon its face that all met and deliberated upon the subject matter, or were notiged to attend a meeting for that purpose, and failed to attend pursuant to the notice. It was therefore invalid. 1 *R. S.* 525, § 125 ; Fitch *v.* Commissioners of Kirkland, 22 *Wend.* 132. The counsel for the respondent insists that it is notwithstanding valid, for the reason that it did not appear that there were at the time more than two commissioners of highways in the town.   The answer to this is, that the presumption is that when a town has two commissioners, it has the entire number authorized by statute [*i. e.*, three], and that the party alleging that there were less must prove such allegation.

The counsel for the respondent also claims that inasmuch as Gould owned the land now owned by defendant, at the time he sold the land now owned by the plaintiff, and there being no mode of getting on to the land now owned by the defendant except by passing over the land of the plaintiff, Gould had the right of way over the lands of the latter to the lands of the former by necessity, and that this right passed by his conveyance and has now become vested in the defendant.   Gould, in conveying the lands of the plaintiff, made no reservation of a right of way or of any other kind in the deed.   By that he made an absolute grant of the land. No interest therein was retained by him for any purpose.   He had no more right to use the land for the purpose of a way than for any other purpose. Burr *v.* Mills, 21 *Wend.* 290.

The referee found, that while the plaintiff was the owner of

the lands now belonging to him, he was at one time in possession of the lot of the defendant, claiming to own it, and transferred the same to one Galusha, under whom the defendant claims title. That there was no other means of going from the defendant's premises to the public highway, or of returning to the same, except across said plaintiff's premises, and that she used the way from necessity. This finding shows, in substance, that the plaintiff was at one time the owner of all the lands now owned by both parties. That he conveyed the lot of the defendant, there being no access to the lands conveyed except by passing over the lands retained by the grantor. This gave a right of way over the plaintiff's land to that of defendant. Holmes *v*. Seely, 19 *Wend.* 507, and cases cited.

This determines the case in favor of the defendant; but there was an exception taken by the plaintiff to the finding of these facts by the referee. This renders it necessary to look into the case to ascertain whether there was any evidence sustaining the finding.

[The learned judge here recited the testimony above stated and continued.] What interest in the land was given by this contract does not appear. The probability is that it was a contract given by the owner of the land for the sale and conveyance by him to the purchaser upon payment by the latter of the purchase money, as specified in the contract, and giving to the purchaser the right of possession until default made in the payments as required by the contract, as possession was held under the contract. The evidence warranted this conclusion. The contract gave the purchaser and his assigns an equitable title to the land. It is insisted by the counsel for the plaintiff, that this contract related to an interest in real estate, and could, by the statute of frauds, be transferred only by an instrument in writing. In this the counsel is correct, but the evidence shows that the plaintiff took possession of the land and occupied and improved the same for a year; and that he gave his note for the purchase price of the contract. The agreement would have been enforced in equity. The plaintiff thus became the owner in equity of the land, he sold this equitable title to Galusha by a contract binding in equity. The defend-

ant holds under this equitable title thus sold by the plaintiff, and may have since acquired the legal title.

The legal question then comes to this, whether one who having an equitable title to land, coupled with a legal right of possession, to which there is no access except over his other lands, transfers his equitable title and right of possession to another, thereby gives a right of way thereto over his other land to the purchaser. The same reason is applicable to this case as applies to a transfer of a legal title. That reason is, that when one grants lands, he is presumed to grant therewith that without which the land cannot be enjoyed. In the present case, the plaintiff, having transferred an equitable title to this land, is presumed to have transferred therewith an equitable right of way to and from such lands, without which there can be no beneficial enjoyment of the land. The only trespass alleged was the use of the way by the defendant. This use was lawful, and the plaintiff could not recover therefor.

The judgment appealed from must be affirmed.

A majority of the judges concurred.

Judgment affirmed, with costs.