## George H. Hall *v.* Clearfield & Mahoning Railway Company and The Buffalo, Rochester & Pittsburg Railway Company, Appellants.

*Contract—Agreement to sell land—Deed—Railroads—Crossings—Equitable ejectment.*

In an executory contract to sell land to a railroad company for right of way, it was stipulated that the railroad company "shall construct and maintain a good and sufficient crossing over the right of way on said premises." The railroad company tendered a deed which contained no reference to the crossing. The landowner tendered a deed to the railroad company containing the following clause: "Excepting and reserving unto the said parties of the first part, their heirs and assigns, forever, a good and sufficient right of way, causeway or railroad crossing over and across the said Clearfield & Mahoning Railway on the said premises of the parties of the first part, so that the occupant or occupants of the said premises of the parties of the first part may cross or pass over the said railroad on the premises with wagons, carts and implements of husbandry, as the occasion may require; said causeway or railroad crossing to be maintained by the said party of the second part; its successors and assigns." *Held*, that the landowner was entitled to have inserted in the deed the above provision and that he could maintain an equitable ejectment to compel the acceptance of such a deed by the railroad company.

Argued April 26, 1895. Appeal, No. 444, Jan. T., 1895, by defendants, from judgment of C. P. Clearfield Co., Feb. T., 1894, No. 314, on verdict for plaintiff. Before STERRETT, C. J., GREEN, MITCHELL, DEAN and FELL, JJ. Affirmed.

Ejectment for a tract of land in Lawrence township, Before BELL, P. J., of the 24th judicial district, specially presiding.

At the trial it appeared that this was an action of equitable ejectment to enforce the specific performance of a written agreement on the part of the Clearfield & Mahoning Railway Company to purchase a strip of land from plaintiff for its right of

way for $499.   The agreement was dated June 18, 1892, and contained a stipulation "that said railway company shall construct and maintain a good and sufficient crossing over the right of way on said premises."   The railway company constructed its railway on the land, and before suit was brought also constructed a crossing over its track on the premises of plaintiff.   Prior to the construction of the crossing the railway company tendered to plaintiff a deed in which no mention was made of the crossing.   Plaintiff refused to accept the deed, and in turn tendered to the railway company a deed containing the following clause : " Excepting and reserving unto the said parties of the first part, their heirs and assigns forever, a good and sufficient right of way or railroad crossing over and across the said Clearfield & Mahoning Railway on the said premises of the parties of the first part, so that the occupant or occupants of the said premises of the parties of the first part may cross or pass over the said railroad on the premises with wagons, carts and implements of husbandry, as the occasion may require ; said causeway or railroad crossing to be maintained by the said party of the second part, its successors and assigns."

The court charged in part as follows :

" [The deed which the railroad company asked Mr. Hall to have executed contained no reference to this constructing and maintaining of a good and sufficient crossing over the right of way on said premises, but the railroad company, in order to satisfy Mr. Hall on this point, at the same time agreed to give to him a memorandum or receipt which would show hereafter that this provision about the construction and maintenance of the road in the agreement had not merged in the deed or lapsed. The paper which they proposed to give him to show that the agreement about the road had not lapsed was this : ' Received of George H. Hall deed from himself and wife to The Clearfield & Mahoning Railway Company, dated            for land in Lawrence township, Clearfield county, Pennsylvania.   The delivery and acceptance of this deed shall not abridge nor abrogate the covenant as to crossing, contained in the agreement between the said Hall and said company, dated June 18, 1892, recorded in Clearfield county in Deed Book " M," page 333.'   Now, the railroad company claimed that that was all they were obliged to give Mr. Hall to show that there

was any agreement about the construction and maintenance of this road or crossing, but we instruct you as a matter of law that they were obliged to do more than that; they were obliged to make a proper reference in the deed which they prepared for execution by Mr. Hall; they were obliged in such deed to make a proper reference to the construction and maintenance of said crossing, and we instruct you as a matter of law that they did not fulfill their duty on this point when they simply contented themselves with giving Mr. Hall this receipt or offering to give him this receipt.] [7]

" Mr. Hall was not satisfied to execute the deed which the railroad company had prepared for him, and then he prepared a deed which he did execute. That deed has been offered in evidence before you to-day and is called Exhibit ' B,' H. B. G., 2–25–95, and is a deed by George H. Hall and wife to the Clearfield & Mahoning Railway Company. In this deed Mr. Hall had inserted the following provision in relation to the construction and maintenance by the railroad company of said crossing : ' Excepting and reserving unto the said parties of the first part, their heirs and assigns, forever, a good and sufficient right of way, causeway or railroad crossing over and across the said Clearfield & Mahoning Railway on the said premises of the parties of the first part, so that the occupant or occupants of the said premises of the parties of the first part may cross or pass over the said railroad on the premises with wagons, carts and implements of husbandry, as the occasion may require ; said causeway or railroad crossing to be maintained by the said party of the second part, its successors and assigns.' In the deed which Mr. Hall had prepared by his attorney that is the clause which he had inserted, and we say to you as a matter of law that Mr. Hall had a right to insert such a provision in this deed, and that the railroad company when he tendered them this deed, if they had no other objection to it than the insertion of that clause, were bound to take the deed.

" The railroad company objected to taking the deed and they now object to the deed in this court; they say that the agreement which was entered into between Mr. Hall and themselves about this crossing, to wit, a clause about the crossing in the agreement of 18th day of June, 1892, was a personal agreement alone, that its benefits inured to Mr. Hall alone and did

not inure and would not inure to his heirs and his assigns, and the attorney for the defendant has argued very learnedly and very ably too that this is a reservation, that this clause about the construction and maintenance of this crossing is a reservation, and being a reservation it would inure simply to Mr. Hall alone, because it contains no words of inheritance, no words 'heirs and assigns;' and if this clause occurred or was found in a legal conveyance, that is a deed which was the end of the negotiations—a legal conveyance—we would say that the contention of the defendant's counsel was correct; but, as we view the matter, this paper of the 18th day of June, 1892, whereby Mr. Hall agreed to convey, was simply an executory conveyance or rather an executory paper; it was not a conveyance, it was only an agreement to convey, therefore it is what the lawyers term an executory paper; and being an executory paper the strict rules in regard to the use of the word 'heirs' and 'heirs and assigns,' in order to insure perpetuity of any rights, were not necessary to be used; and, as we view the matter, we say to you that it was not necessary that the words 'heirs and assigns' should occur in this reference to or agreement about the construction and maintenance of this road.

" [If this paper had been what is known as a legal conveyance the words 'heirs and assigns' should have been inserted, but being an executory paper, not a conveyance but only an agreement to convey, we do not think the words 'heirs and assigns' were necessary, and we instruct you as a matter of law that the railroad company should have accepted the deed which we have referred to, prepared by Mr. Hall and offered this day in evidence, and which is marked 'Plaintiff's Exhibit "B," H. B. G., 2-25-95.'] [8]

" [We instruct you further that the plaintiff has a right to have this question raised and determined in the present equitable ejectment. Here was a dispute between these two parties as to what kind of conveyance should be executed by Mr. Hall. How could such a dispute be settled? In England it would have been settled by bill in equity, but prior to recent years in Pennsylvania we had no court of equity and therefore we were obliged to work out these equitable questions by verdicts of juries in ejectments, and hence arose in Pennsylvania the custom of equitable ejectments. As we view the matter, the

plaintiff had a right to have this matter decided in this equitable ejectment; and, as we view the matter, the plaintiff also had a right to execute the deed in the form in which he tendered it to the defendant; and, as we view the matter, the defendant was wrong in insisting upon the plaintiff executing a deed which had no reference to the obligation on the part of the defendant to construct and maintain this crossing, and as the defendant was wrong in this matter it results that the verdict should be against the defendant.] [9]

" The defendant has submitted to us certain points which we will read and which we will answer.

" ' The court is respectfully requested to charge the jury :

" ' I. It appearing from the facts admitted in this case that the defendant company, prior to the bringing of this suit, did construct a crossing for the use of the plaintiff over its tracks and right of way purchased from the plaintiff, and has maintained the same to the satisfaction of the plaintiff, and on the 28th of July, 1894, did make a legal tender to the plaintiff of five hundred seventy-one and fifty one hundredths dollars ($571.50), purchase money, with interest and costs of this suit accrued at that date, and has kept up said tender, the money being considered in court, the defendant has complied with the agreement made with the plaintiff and dated the 18th of June, 1892, which is recorded in the office of the recorder of deeds for Clearfield county in Miscellaneous Book " M," page 333, the plaintiff is not entitled to recover in this action and your verdict must be in favor of the defendant.'

" This point is denied. [1]

" ' II. It appearing from the undisputed evidence in the cause that the Clearfield & Mahoning Railway Company, defendant, went into possession of the premises described in the writ in pursuance of the contract dated June 18, 1892, and began the construction of its road within the time specified therein, and that it has complied with the said contract according to the terms and tenor thereof; and on the 28th of July, 1894, did make a legal tender of the purchase money, with interest due on that date, and with costs of suit then accrued, and did at that time, by writing duly executed by the said Clearfield & Mahoning Railway Company and then offered to the plaintiff, admit that the provision in said agreement, which was then

recorded, relating to the crossing, should not be abridged or abrogated, because the provision as to the crossing was not mentioned in the deed from plaintiff to defendant; the plaintiff cannot, by means of this action of ejectment, require or compel the said Clearfield & Mahoning Railway Company to accept a deed with another covenant relating to the construction and maintenance of said crossing, and that before any breach of the said contract, dated June 18, 1892, on the part of the Clearfield & Mahoning Railroad Company, has been committed, and your verdict must be in favor of the defendant.'

" This point is denied. [2]

" III. The provision of the contract dated June 18, 1892, relating to the crossings being in these words : 'It is further agreed that the said railroad company shall construct and maintain a good and sufficient crossing over the right of way on said premises,' created a mere personal right in the plaintiff to use said crossing.  The same is a right of way, in gross, across defendant's right of way and tracks for the use of the plaintiff, and it cannot be by the plaintiff assigned to another or transmitted by descent, and the plaintiff cannot, by means of an action of ejectment, compel and require the defendant company to insert a provision in the deed for the land sold to the defendant company, which would run with the land and become appurtenant to it, and your verdict must be for the defendant.'

" This point is denied. [3]

" ' IV. The Clearfield & Mahoning Railway Company, defendant, having by writing, duly executed, acknowledged that the provision relating to the crossing in the contract already recorded should not be merged or abrogated by reason of the same not being mentioned in the deed of conveyance for said land purchased from the plaintiff as aforesaid, and the said defendant having fully complied with all its undertakings and stipulations by it to be done, kept and performed in said agreement, the plaintiff cannot, by means of this action of ejectment, compel the defendant company to accept a deed with another covenant relating to said crossing, and your verdict must be for the defendant.'

" This point is denied.  As we have instructed you in our general charge, we do not think that the defendant, the railroad company, complied with the article of agreement and was

carrying out the article of agreement, which referred to the construction and maintenance of this crossing, by simply giving to Mr. Hall a paper stating that the agreement in this respect should not be merged in the deed; because, as we view the matter, if the defendant company in the future should sell their rights to some other railroad company, the railroad company buying the rights of the present defendant could go to the record, and not seeing any reference in this deed from Mr. Hall to the defendant railroad company, in regard to the keeping and maintaining of this crossing, they would be or might be absolved from the duty of maintaining this crossing. Therefore, as we have said in our general charge, we think there should be some reference to the duty of the railroad company to construct and maintain this crossing in the deed itself. [4]

" ' V. That there is no covenant in the agreement between the plaintiff and the Clearfield & Mahoning Railway Company, dated June 18, 1892, requiring the defendant to accept a deed containing any provision relating to the construction or operation of any crossing, and there being no evidence that the defendant ever agreed to accept a deed containing such provision, the verdict must be for the defendant.'

" This point is denied. [5]

" ' Lastly. That under the provisions of said contract, dated June 18, 1892, the plaintiff cannot compel or require the C. & M. Ry. Co., by means of an action of ejectment, to accept a deed with a covenant requiring the defendant to maintain a crossing for the heirs and assigns of the plaintiff, such as is contained in plaintiff's deed, tendered and offered in evidence. This point is likewise denied.' " [6]

The court gave binding instructions for plaintiff. [10]

The jury returned the following verdict, upon which judgment was entered :

" We find for the plaintiff the land described in the writ, to be released, however, if the defendants, within sixty days after the filing in court of the deed hereinafter referred to, pay to the plaintiff the sum of four hundred ninety-nine dollars ($499), with interest from April 6, 1893. The deed to be so filed being the deed this day offered in evidence by plaintiff and marked Plaintiff's Exhibit ' B,' H. B. G., 2–25–95. This deed, properly sealed, to be filed in court for the use of the defendant."

*Errors assigned* were (1–10) above instructions, quoting them.

*Frank Fielding, C. H. McCauley* with him, for appellants.—
The provision about the crossing was a reservation and not an
exception: 2 Thomas' Coke Litt. 412; Whitaker v. Brown, 46
Pa. 198.

It is a private right of passage and nothing more: 3 Kent's
Commentaries, 420 ; Kister v. Reeser, 98 Pa. 1.

The agreement being recorded containing the stipulation
about the crossing, it would not be merged in the deed made
in pursuance of the agreement: Brown v. Moorhead, 8 S. &
R. 571 ; Anderson v. Long, 10 S. & R. 55; Wagner v. Wen-
rich, 1 Woodward, 35.

The plaintiff cannot, by means of an action of ejectment,
compel the defendant company, under the terms of the written
agreement, to. accept a deed containing the covenant set forth
in the plaintiff's deed.

*Oscar Mitchell,* for appellee, was not heard, but cited in his
printed brief : 1 Sharswood's Blackstone's Commentaries, 299 ;
Mitchell on Real Est. & Conveyancing in Pa. 430; Walton's
App., 9 Atl. Rep. 922; Moody v. Alexander, 145 Pa. 571 ;
Richardson v. Clements, 89 Pa. 503 ; Phillips v. Swank, 120
Pa. 76 ; Ogden v. Brown, 33 Pa. 247 ; Gaule v. Bilyeau, 25
Pa. 521; 19 Am. & Eng. Ency. of Law, 1004; Avery v. N. Y.
C. & H. R. R., 106 N. Y. 142; Gunson v. Healy, 100 Pa. 42;
Daubert v. Penna. R. R., 155 Pa. 178.

PER CURIAM, May 6, 1895:

The subjects of complaint in the first six specifications are
the learned court's answers to the defendant's points for charge
recited therein, respectively. We are satisfied from an exami-
nation of the record that there is no substantial error in any of
said answers. Neither of said points, as presented, could have
been affirmed, and hence they were rightly refused. Nor do
we think there is any error in either of the excerpts from the
learned judge's charge, recited in the seventh to the ninth speci-
fications, inclusive, or in directing a verdict for plaintiff as com-
plained of in the tenth specification. There is nothing in either
of the assignments of error that requires special notice.

The learned judge is substantially correct in his construction of the agreement of June 18, 1892, on which this action is founded, and also in regard to the kind of conveyance therein provided for. The agreement is executory, and evidently contemplates the execution and delivery of a deed, in due form, expressed in such apt words as will secure to each party, respectively, the rights and privileges mentioned in the agreement or intended to be granted or reserved. The construction contended for by the defendants is unreasonable and wholly untenable. Their covenant to " construct and maintain a good and sufficient crossing over the right of way on said premises," is not independent of and unconnected with the right of way acquired by the defendant, but a covenant running therewith, and thus securing to plaintiff the " good and sufficient crossing " intended to be appurtenant to his land on either side of said right of way.

Inasmuch as the time, fixed in the verdict and judgment of the court, within which the $449 consideration money should be paid, has expired, the same is hereby extended for sixty days from the date of filing this opinion. With this single modification, we think the judgment on the conditional verdict should be affirmed.

The judgment, as above modified, is accordingly affirmed.