HARRIET M. PALMER, Appellant, v. JOHN W. PALMER, Respondent.

<div style="float:right">150   139<br>168  ⁵626</div>

1. EASEMENTS — RIGHT OF WAY BY NECESSITY.  Where a person conveys to another a piece of land surrounded by lands of the grantor, the grantee and those claiming under him have a right of way by necessity through the lands of the grantor as an incident of the grant; and this principle applies where the land conveyed is surrounded in part by the lands of the grantor and in part by the lands of a third person.

2. CONTEMPORANEOUS MUTUAL DEEDS AMONG HEIRS IN SETTLEMENT OF ESTATE — SINGLE TRANSACTION — RIGHT OF WAY BY NECESSITY.  If, in accordance with an agreement among the heirs at law of an intestate landowner for the settlement of his estate, the other heirs deed to one heir a farm bounded partly on a highway, and at the same time the grantee in that deed, with other heirs, deeds to an heir who was a grantor in the first deed, an interior lot which was theretofore a part of the same farm, and which is bounded by the farm, by lands of a third person and by a lot also originally a part of the farm, but which had been conveyed by the decedent to the grantee of the farm and others of the heirs, but not including the grantee of the lot deeded in settlement of the estate, so that the grantee of that lot has no interest in any land bordering it, the contemporaneous deeds made in carrying out the settlement are to be regarded as parts of a single transaction, and the grantee of the interior lot so deeded acquires a right of way by necessity over the farm to the highway.

3. ESTABLISHMENT OF TRACK OF WAY BY NECESSITY.  The grantor of land, to which a right of way by necessity over his remaining land attaches, has a right to designate the track of way, having due regard to the rights of both parties; but if he declines or omits to exercise that right, the grantee may select for himself, and will be supported in his selection unless chargeable with palpable abuse.

4. MUTUAL DEEDS AMONG HEIRS — ESTABLISHMENT OF TRACK OF WAY BY NECESSITY FOR A PRIVATE CEMETERY.  If, after the settlement of an intestate's estate by mutual deeds among his heirs at law, the grantee of an interior lot to be used as a private cemetery, taken out of a farm having a highway boundary deeded at the same time to another heir, uses for several years, without objection from the owner of the farm, substantially the same way over the farm that had been previously used in passing to an adjoining interior lot, long used as a private cemetery, and which had been conveyed by the intestate, in his lifetime, to the grantee of the farm and others of his heirs, not including the grantee of the first-mentioned lot, such way must be regarded as established and consented to by the parties.

5. CONTINUANCE OF RIGHT OF WAY DEPENDENT ON CONTINUANCE OF NECESSITY. A right of way by necessity over the lands of a grantor, in favor of a grantee and those subsequently claiming under him, is not a perpetual right of way, but continues only so long as the necessity exists.

6. PRIVATE WAY. A way opened by the owners of private lands, for the accommodation of the lands through and to which it leads, and never laid out as a public road, must be deemed a private way, even if the public are permitted to travel over it, if it is not shown to have been ever dedicated to, and accepted and adopted by, the public as a public highway.

7. NON-EXTINGUISHMENT OF RIGHT OF WAY BY NECESSITY. An existing right of way by necessity from an interior lot over an intervening farm to a highway is not extinguished on the score of cessation of the necessity, by the owner of the farm removing a fence which separated his land from a lane, thereby throwing into the lane a portion of the farm lying between the lane and another interior lot, adjoining and communicating with the first lot, where the lane is a mere private way, over which the owner of the first lot has, as such, no right of passage, and it is not shown that the owner of the farm had in any way transferred to the owner of such lot any reliable right to cross the portion of his farm lying between the lane and the second interior lot.

8. TENANCY IN COMMON — EASEMENTS. A tenant in common cannot grant an easement so as to confer any right which can be enforced against the other owners; nor can a tenant in common of property, who owns other premises in severalty, so use the property owned by him alone as to acquire an easement over the property held in common.

9. TENANCY IN COMMON — NON-EXTINGUISHMENT OF WAY BY NECESSITY. An owner in severalty of land to which a right of way by necessity over certain adjacent land is appurtenant does not acquire a right of way over other adjacent land, and so cause the extinguishment of his original easement by cessation of its necessity, by becoming a tenant in common of such other land.

*Palmer* v. *Palmer*, 71 Hun, 30, reversed.

(Argued June 5, 1896; decided October 6, 1896.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered September 21, 1893, which affirmed a judgment in favor of defendant dismissing the complaint upon the merits, entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

The following is a diagram of the lands in question:

*Isaac N. Mills* for appellant. By the conveyances exe-
cuted in February, 1874, upon the settlement of the estate of
John Palmer, the father of the plaintiff and the defendant,
the plaintiff undoubtedly gained and had a right of way by
necessity out over the balance of the Palmer farm, then
owned by the defendant, to Weaver street, from the plot
which was conveyed to her by one of those deeds. (Washb.
on Easements [4th ed.], 49, 260–262; *Smyles* v. *Hastings*, 22
N. Y. 222; *Rexford* v. *Marquis*, 7 Lans. 261; *Hills* v.
*Miller*, 3 Paige, 256.) The plaintiff and her sister by the

conveyance to them in February, 1874, of the plot, became, as a part of their grant, entitled to a right of way over the defendant's carriageway, from Weaver street up by his house to the burial ground, the same being the way designated and visible as an easement appurtenant to the plot, and this without regard to the question of necessity. (*Smyles* v. *Hastings*, 22 N. Y. 222; *Mattes* v. *Frankel*, 65 Hun, 206; *Babcock* v. *Utter*, 1 Keyes, 408; *Voorhees* v. *Burchard*, 6 Lans. 178; 55 N. Y. 102; *Doyle* v. *Lord*, 64 N. Y. 437; *Parsons* v. *Brown*, 5 Hun, 112; *Green* v. *Collins*, 86 N. Y. 250; *Newman* v. *Nellis*, 97 N. Y. 292; *Simmons* v. *Cloonan*, 81 N. Y. 557, 565.) The plaintiff has not lost the right of way by necessity which she acquired by the conveyance in February, 1874, of the plot. (*Holdane* v. *Trustees of Cold Spring*, 21 N. Y. 479; Washb. on Easements [4th ed.], 209, 213; *Speir* v. *Town of New Utrecht*, 121 N. Y. 420.) The defendant's contention, that the plaintiff has lost her right of way by reason of the fact that in 1879, by the death of her brother Benjamin, she became the owner of one undivided one-twelfth part of the old Palmer burying ground, is not well founded. (Washb. on Easements [4th ed.], 101, 261, 262, 283; *Rexford* v. *Marquis*, 7 Lans. 262; *Crippen* v. *Morss*, 49 N. Y. 63; *Green* v. *N. Y. C. R. R. Co.*, 12 Abb. [N. C.] 124; *Onthank* v. *L. S. & M. S. R. R. Co.*, 71 N. Y. 194; *Wynkoop* v. *Burger*, 12 Johns. 222.)

*William A. Woodworth* for respondent. The lane is a public way. It has been irrevocably dedicated to public use. (*Child* v. *Chappell*, 9 N. Y. 257; *In re City of Brooklyn*, 73 N. Y. 185; *Cohoes* v. *D. & H. C. Co.*, 47 N. Y. S. R. 612; *Hunter* v. *Trustees of Sandy Hill*, 6 Hill, 411; 100 N. Y. 455; 1 Camp, 260; 11 Barb. 34; 23 N. Y. 61; 31 N. Y. 51; 21 N. Y. 474; 6 Hill, 411; 51 Barb. 448; *Pitts* v. *Wilder*, 1 N. Y. 525.) Appellant claims that this right of way claimed by her was a visible appurtenance to the plot and was impliedly granted with the plot under the general term " appurtenances," with-

out regard to the question of necessity. This is untenable. (*Parsons* v. *Johnson*, 68 N. Y. 65; 2 Washb. on Real Estate, 279, § 9.) If it be admitted that a way by necessity originally existed across defendant's land, the principle of law is that when the necessity ceases the way ceases also. (Washb. on Easements, 165, 306.)

MARTIN, J. The purpose of this action was to establish the plaintiff's right to a way across the defendant's farm from Weaver street to a private cemetery owned by her in the rear of the defendant's premises, and to enjoin him from interfering with the exercise of that right. There is very little conflict in the testimony.

The defendant's farm is situated on the east side of Weaver street, which is one of the public highways of the town of Mamaroneck in Westchester county. The defendant and the plaintiff are brother and sister, and were born upon the farm now owned by the defendant. It belonged to their father at the time of his death. It consists of about five acres of land, and is bounded on the southerly and westerly sides by Weaver street; on the easterly side by a lane known as Hickory Grove Factory lane and premises owned by one Ireland, and on the north by the Ireland premises and Weaver street.

The farm lying east of the defendant's premises was previously known as the Haight farm, and has been divided into two farms known as the Ireland and Large farms, the Ireland farm adjoining the defendant's premises upon the east, and the Large farm lying immediately east of that. Upon the opposite side of the lane and southeast of the Palmer farm is a farm formerly known as the Mott farm, and now known as the Birney place.

More than ninety years since, there existed in the southwest corner of the Haight or Ireland farm a private cemetery, which is known as the "Haight burial ground." It fronted on the lane, and was separated from the Palmer farm by a stone wall. As early as 1820 there existed upon the rear of

the Palmer farm and adjoining the Haight cemetery, another private cemetery which belonged to the owner of the Palmer farm. It was about the same width from east to west as the Haight cemetery, but did not extend the whole length thereof. These cemeteries were separated by the continuation of a stone wall which was upon the division line between the two farms.

In 1868 John Palmer, who was then the owner of the Palmer farm and cemetery, and was the father of the plaintiff and defendant, conveyed the cemetery to his three sons, William D., Benjamin F. and John W. Palmer, with the right " to go to and from said ground through the lane known as the Hickory Grove Factory lane."

In 1872 John Palmer died intestate and left surviving, as his only heirs at law, his children, William D., Benjamin F., John W., Harriet M. and Susan A. Palmer. In February, 1874, the children named agreed upon a settlement of the estate of their father, and in pursuance thereof William D., Benjamin F., Susan A. and Harriet M. Palmer conveyed to the defendant the five acres now owned by him and known as the Palmer farm. At the same time, and as a part of the same transaction, the defendant, John W., William D. and their wives, jointly with Benjamin F. Palmer, who was unmarried, conveyed to Susan A. and Harriet M. a small piece of land, which was in the rear, and a part of the Palmer farm, and which lay immediately north of the Palmer cemetery and west of the Haight cemetery, to be used as a private cemetery by the grantees named in that deed. In 1876 Susan A. Palmer deeded to the plaintiff her interest in that lot.

After the conveyances of February, 1874, neither the plaintiff nor her sister had any title or interest in any land adjoining the premises conveyed to them. Until that time communication with the Palmer cemetery had uniformly been by passing from Weaver street across the Palmer farm, and since then the plaintiff has used substantially the same way to pass from Weaver street to her lot. Her use of this way had been in no manner interfered with by the defendant or

otherwise, until within five or six years before the trial of this action, when the defendant claimed that she had no right of way across his farm. She, however, claimed the right, and continued to exercise it.

In April, 1891, a daughter of the plaintiff died, whose remains she intended to have buried upon her lot, when the defendant forbade her taking the body of her daughter across his farm for burial, and thereupon this action was commenced.

Five or six years since, and after a controversy had arisen between the parties as to the plaintiff's right of way across the defendant's farm, the defendant moved a portion of the wall which separated his farm from the lane, thereby throwing into the lane a portion of the triangular part of the Palmer farm, which lay between the lane and the Palmer cemetery, thus opening a passage from the lane to that cemetery. The Palmer cemetery does not adjoin the lane, and the land between it and the lane is a part of the Palmer farm, and belongs to the defendant. Since this change no carriage or other vehicle can pass from the lane across the Palmer cemetery to the plaintiff's lot, and a person passing from the lane to that cemetery must pass over a portion of the defendant's farm.

In 1879 Benjamin F. Palmer died intestate, leaving as his only heirs at law William D. Palmer, the defendant, the plaintiff and Susan A. Palmer, now Susan A. Dean, and thereby the plaintiff inherited from him, as a tenant in common, an undivided one-twelfth part or interest in the Palmer cemetery. Hickory Grove Factory lane existed as a private way as early as 1801. Where it entered Weaver street a fence and gate were maintained until about twenty years ago, when it had rotted down and has not been rebuilt. It communicates with the Large, Birney and Ireland farms, and with the Haight cemetery, but never reached any public road except Weaver street, or any other premises. It was always separated from the Palmer farm by a stone wall, having no barway, gateway or other opening, and there is no proof that it was ever accepted, worked or used as a public highway.

The question presented upon this appeal is whether the plaintiff had a right of way across the premises of the defendant to reach her lot. The appellant's contention is that under and by virtue of the conveyances, which were executed between the parties thereto upon the settlement of their father's estate, the plaintiff acquired a right of way by necessity over the remainder of the Palmer farm from Weaver street to her lot.

The deeds executed upon the same day, one conveying to the plaintiff and her sister the lot now owned by her (the plaintiff) and the other conveying the remainder of the farm to the defendant, having been executed in pursuance of an agreement by the heirs for the settlement of the estate, must be regarded as parts of a single transaction. The general rule is that several instruments of the same date, between the same parties, and relating to the same subject may be construed as parts of one contract. (*Hills* v. *Miller*, 3 Paige, 254; *Mott* v. *Richtmyer*, 57 N. Y. 49, 64, and cases cited.)

After the deeds between the parties to that transaction were executed and delivered the plaintiff and her sister had no interest in any land bordering upon that conveyed to them, and it did not adjoin any street or highway. Nor did it in any way connect with or adjoin Hickory Grove Factory lane, but was situated more than ninety feet therefrom. Neither the plaintiff nor her sister had any right of way across the Palmer cemetery or that portion of the defendant's farm which lay between it and the lane.

Under these circumstances it is obvious that the plaintiff and her sister acquired a right of way by necessity from her lot through the gate or opening into the Palmer cemetery from the Palmer farm and over the remainder of the Palmer farm to Weaver street.

Where a person conveys to another a piece of land surrounded by lands of the grantor, the grantee and those claiming under him have a right of way by necessity through the lands of the grantor as an incident of the grant. This principle applies where the land conveyed is surrounded in part by the lands of the grantor and in part by the lands of a third

person. The grantor in such a case has the right to designate the track or way, having due regard to the rights of both parties, but if he declines or omits to exercise that right, the grantee may select for himself and will be supported in his selection unless chargeable with palpable abuse. A right of way of necessity over the lands of a grantor, in favor of a grantee and those subsequently claiming under him, is not, however, a perpetual right of way, but continues only so long as the necessity exists. (*N. Y. Life Insurance and Trust Co.* v. *Milnor*, 1 Barb. Ch. 353 ; *Holmes* v. *Seely*, 19 Wend. 507 ; *Simmons* v. *Sines*, 4 Abb. Ct. App. Dec. 246.)

In this case the grantor was not shown to have designated the track or way to be used by the plaintiff, but she has since continued to use the way as it formerly existed and was previously used by the family in passing over the farm to the cemetery. Thus she selected the old way, which must be regarded as established and consented to by the parties, as no objection seems to have been made for years after the selection or during the continuance of its use. That the plaintiff still possesses the right to use that way cannot be successfully disputed, unless the necessity for it has ceased, and, consequently, the plaintiff's right has become extinguished. [a]

The respondent contends, and the learned General Term held, that when the fence was removed between the lane and the portion of the defendant's farm which lies between the cemetery and lane, so as to permit direct access from it to the old Palmer cemetery, that change extinguished the plaintiff's right of way by necessity, and, hence, she was not entitled to the relief sought. In this conclusion we cannot concur. We do not regard the evidence as sufficient to justify a finding that the lane ever became or was a public highway. It was at most a private way which existed for the accommodation of the owners of the farms or premises to which it led. There is no evidence that it was ever dedicated to or accepted by the public. Such an acceptance was necessary to constitute a dedication of the highway. (*Child* v. *Chappell*, 9 N. Y. 246, 257 ; *People* v. *Underhill*, 144 N. Y. 316.)

In *Speir* v. *Town of New Utrecht* (121 N. Y. 420, 430) it was said : " A private way opened by the owners of the land through which it passes for their own uses does not become a public highway merely because the public are also permitted for many years to travel over it." In *Lewis* v. *N. Y., L. E. & W. R. R. Co.* (123 N. Y. 496, 502) the *Speir* case was referred to and the court said : " We have recently determined what facts constitute a public highway within the meaning of the statute relating to user.  *  *  *  We there held that it must have been traveled by the public for twenty years, and either kept in repair by or taken in charge of the public authorities." It was said in the case of *Niagara Falls Susp. Bridge Co.* v. *Bachman* (66 N. Y. 261, 269) that " To constitute a public highway by dedication, there must not only be an absolute dedication, a setting apart and a surrender to the public use of the land by the proprietors, but there must be an acceptance and a formal opening, by the proper authorities or a user." The same doctrine is stated in *Holdane* v. *Trustees of the Village of Cold Spring* (21 N. Y. 474) and in *People* v. *Underhill* (144 N. Y. 316, 324). In the latter case, PECKHAM, J., referring to the case of *Speir* v. *Town of New Utrecht*, said : " It was there held that the mere fact that a portion of the public had traveled over the road for twenty years would not make it a highway ; that the user must be like that of highways in general and the road must not only be traveled upon, but it must be kept in repair, taken in charge and adopted by the public authorities."

It is manifest that, upon the facts as they exist in this case, the lane never became a public highway either by user or by dedication, and, as there is no proof or claim that it was ever laid out as such, it follows that it was a mere private way for the accommodation of the owners of the premises to which it led. As the plaintiff's lot did not adjoin the lane, and as it was a private way only, she had no right to pass over it to reach her lot.

Moreover, there it nothing in the evidence to indicate that the defendant has in any way transferred to the plaintiff any

right, upon which she can rely, to cross that portion of his premises which lies between the lane and the Palmer cemetery.

Again, the claim of the defendant, that the plaintiff, having become a tenant in common of the Palmer cemetery, thus obtained a right to cross over it to her lot, cannot be sustained. A tenant in common, being unable to convey any title to a specific part of the common land as against his co-tenants, cannot grant an easement so as to confer any right which can be enforced against the other owners. This rule applies to an easement or right of way of necessity, as well as one founded upon an express grant. If the lands over which the way is claimed belong to others as co-tenants with the grantor, they cannot be prejudiced by a presumed intent in which they did not participate. (*Collins* v. *Prentice*, 15 Conn. 426.) In *Crippen* v. *Morss* (49 N. Y. 63) it was held that one tenant in common could not, by his sole act, create an easement in the premises held in common. It was also held that a tenant in common of property, who owned other premises in severalty, could not so use the property owned by him alone as to acquire an easement over the property held in common.

Therefore, as the necessity for the way over the defendant's premises still exists, and the way has been located and used by the plaintiff since 1874, it follows that the plaintiff's right to the use thereof is yet in existence, and that the courts below erred in holding that she had no such right of way across the defendant's farm.

This conclusion renders it unnecessary to examine the other questions presented for our consideration, as the judgment must be reversed and a new trial granted for the errors already pointed out.

All concur; VANN, J., in result.

Judgment reversed.