THE CITY OF YONKERS, Respondent, *v.* THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Appellant.

RAILROADS — MAINTENANCE OF, AND REPAIRS TO BRIDGES OVER CROSSINGS EXISTING AT THE TIME THE RAILROAD LAW TOOK EFFECT. Section 64 of the Railroad Law (L. 1897, ch. 754), providing that " when a highway crosses a railroad by an overhead bridge, the framework of the bridge and its abutments shall be maintained and kept in repair by the railroad company, and the roadway thereover and the approaches thereto shall be maintained and kept in repair by the municipality in which the same are situated," is not limited in its application to railroads constructed subsequent to its enactment or to bridges over crossings thereafter constructed, but applies to all bridges constituting the highway at railroad crossings whether constructed before or after the law went into effect.

*City of Yonkers* v. *N. Y. C. & H. R. R. R. Co.*, 32 App. Div. 474, affirmed.

(Argued November 13, 1900; decided December 11, 1900.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered October 22, 1898, in favor of plaintiff, upon the decision of a controversy submitted upon an agreed statement of facts under section 1279 of the Code of Civil Procedure.

The nature of the controversy and the facts, so far as material, are stated in the opinion.

*Ira A. Place* for appellant. Section 64 of the Railroad Law applies only to bridges constructed after chapter 754 of the Laws of 1897 took effect, pursuant to that act, and by means of which either highways were carried over railroads or railroads over highways. (*O'Brien* v. *Mayor, etc.,* 139 N. Y. 543; *Proprietors of Bridges* v. *H. L. Co.,* 2 Beas. 503; *Miller* v. *N. Y. & E. R. R. Co.,* 21 Barb. 513; *A. N. R. R. Co.* v. *Brownell,* 24 N. Y. 345; *B. & A. R. R. Co.* v. *Vil. of Greenbush,* 52 N. Y. 510; *D. & H. C. Co.* v. *Vil. of Whitehall,* 90 N. Y. 21; *P. P. & C. I. R. R. Co.* v. *Williamson,* 91 N. Y. 552; *State* v. *W. W. R. R. Co.,* 74 N. C. 143; *I. C. R. R. Co.* v. *Bloomington,* 76 Ill. 447; *People* v. *L. S. & M. S. Ry. Co.,* 52 Mich. 277.)

*James M. Hunt* for respondent. Under section 64 of the Railroad Law the defendant is required to maintain and keep in repair the framework of the Vark street bridge and its abutments. (L. 1890, ch. 565; L. 1892, ch. 676; L. 1897, ch. 754; *People ex rel.* v. *B. & A. R. R. Co.,* 70 N. Y. 569.)

O'Brien, J. The judgment in this case was rendered upon an agreed statement of facts, pursuant to the provisions of section 1279 of the Code of Civil Procedure. The question to be determined is whether section 64 of the Railroad Law (Chap. 754 of the Laws of 1897) is applicable to the bridge over the defendant's tracks at Vark street, in the city of Yonkers, and is controlling upon the duties and obligations of the respective parties hereto in regard to that bridge. It appears that in the year 1850 the defendant acquired its roadway and constructed its railroad along and near the easterly bank of the Hudson river, and through the territory which was thereafter embraced within the corporate limits of the village of Yonkers, and is now embraced within the limits of the city of Yonkers, and that the defendant now owns, maintains and operates a steam surface railroad, with three tracks, through the city at the point where it is crossed by Vark street. After the construction of the railroad, and in or

about the year 1871, the then village regularly laid out and opened Vark street as a public highway of the width of forty feet, from Broadway westerly to a point west of the westerly line of the roadway, tracks and property of the defendant, and that the grade of the street so laid out and established at the easterly and westerly lines of the defendant's roadway was about twenty feet above the grade of the railroad, and, consequently, that the street could not be carried across or over the railroad except by the construction of a bridge above the track.

Thereafter, and on or about the 21st of August, 1871, the village caused to be served upon the defendant a notice that Vark street had been laid out and opened by the trustees of the village and requiring the defendant to take the street across its tracks as should be most convenient for public travel and in accordance with the grade line of the street, and to cause all necessary embankments and excavations and other work to be done on the road of the defendant for that purpose. This notice, it is assumed, was given pursuant to the provisions of chapter 62 of the Laws of 1853, entitled an act " to regulate the construction of roads and streets across railroad tracks." The defendant refused or omitted to comply with the requirements of the notice on the ground that by law no obligation was imposed upon it to take the highway across its tracks except at grade. In the year 1874 the plaintiff caused or permitted the street to be constructed across the defendant's railroad by a bridge having one clear span and at a grade of about twenty feet above the grade of the railroad, and it appears that the bridge has since been maintained by the city, or by private individuals under permission from the city, as a part of the city streets and is used by both vehicles and persons traveling on foot. It is conceded that the bridge now needs repairs for the safety or convenience of the traveling public, and that since the construction of the same over the railroad chapter 754 of the Laws of 1897, entitled "An act to amend the Railroad Law and the acts amendatory thereof relative to grade crossings," was enacted and is now the law

which governs the respective rights and duties of the parties to this action with respect to the repair and maintenance of the bridge in question. The relief demanded by the plaintiff is that the defendant be required to maintain and to put in proper repair the framework of the bridge and the abutments without unnecessary delay. The Appellate Division, to which the controversy was submitted, ordered judgment in favor of the plaintiff for this relief, and the defendant has appealed to this court.

The question involved is with respect to the true meaning and interpretation of section 64 of the Railroad Law, which reads as follows : " When a highway crosses a railroad by an overhead bridge the framework of the bridge and its abutments shall be maintained and kept in repair by the railroad company, and the roadway thereover and the approaches thereto shall be maintained and kept in repair by the municipality in which the same are situated. When a highway passes under a railroad, the bridge and its abutments shall be maintained and kept in repair by the railroad company, and the subway and its approaches shall be maintained and kept in repair by the municipality in which the same are situated." It is quite true, as the learned counsel for the defendant contends, that this statute is prospective in its operation. It had no application to proceedings in the court pending prior to its enactment. (*G. & W. Ry. Co.* v. *N. Y. C. & H. R. R. R. Co.*, 163 N. Y. 228.) It is quite clear, however, that it is not limited in its application to railroads constructed subsequent to its enactment or to bridges over crossings thereafter constructed. It was manifestly intended to apply to objects in existence at the time of its enactment, and, consequently, to all bridges constituting the highway at railroad crossings whether constructed after the law went into effect or before. The purpose of the statute was to insure greater safety at such highway crossings and that object could not be effected without applying the law to all such bridges existing at the time that it went into effect without regard to the date of their construction. The facts of this case bring it within both the

19

letter and the spirit of the law. It is a case where a highway crosses a railroad by an overhead bridge, and the statute declares in plain language that the framework of the bridge and its abutments shall be maintained and kept in repair by the defendant and that the roadway and the approaches shall be kept in repair and maintained by the municipality. It is doubtless true that some provisions of the law, of which the provision quoted is but a part, were intended to apply only to railroads thereafter constructed, but with respect to the bridge in question the duty of the defendant to maintain the framework and the abutments attached immediately upon the enactment of the law, and since that duty has not been performed, the plaintiff was entitled to the relief granted by the judgment. We are, therefore, of opinion that the judgment is right and should be affirmed, with costs.

PARKER, Ch. J., HAIGHT, LANDON and WERNER, JJ., concur; GRAY and CULLEN, JJ., not sitting.

Judgment affirmed.