## Kraeer *v.* Pennsylvania Railroad Company, Appellant.

*Railroads—Farm crossings—Covenant—Agreement with landowner—Abolition of crossing.*

Where a railroad company covenants with a landowner to provide for "suitable farm crossings," and it appears that the successors in title of the original covenantee, for a long period of years had used one of the crossings as a means of egress from their lands, and to reach a village, post office and station, and such use had been acquiesced in by the railroad company, the railroad company cannot abolish the crossing, on the ground that it had ceased to be used as a farm crossing.

All contracts made by a railroad company with the landowner whereby privileges are wholly or in part obtained without condemnation, are favorably regarded by the courts and will be construed strongly in favor of the landowner.

Argued May 7, 1907. Appeal, No. 115, Jan. T., 1907, by defendant, from decree of C. P. Warren Co., Dec. T., 1906, No. 34, on bill in equity in case of Louis Kraeer et al. v. Pennsylvania Railroad Company, Lessee of the Philadelphia & Erie Railroad Company. Before FELL, BROWN, MESTREZAT, ELKIN and STEWART, JJ. Affirmed.

Bill in equity for an injunction.

LINDSEY, P. J., found the following facts and conclusions of law :

### FINDINGS OF FACT.

The plaintiffs seek to restrain the defendant company from closing a crossing over its right of way and railroad tracks, just east of its station in the village of Sheffield.

1. All the plaintiffs claim title to their respective properties, and the defendant to its right of way, described in plaintiffs' bill of complaint from the same common source, to wit : Francis Henry.

2. By his deed, bearing date December 6, 1858, said Francis Henry conveyed to defendant's lessor, the Philadelphia & Erie Railroad Company, a strip of land through his land, now occupied by the defendant, for its railway tracks. This deed contained the following covenant, to wit : " The company to provide four suitable farm crossings at places to be designated by Mr. Henry."

3. The said Philadelphia & Erie Railroad Company constructed the crossing in question in this case, when the said company built its road on the lands of said Henry, and under the terms as set forth in the deed of conveyance to said Philadelphia & Erie Railroad Company, above referred to, and said crossing is the only one constructed of the four crossings contemplated in said deed from said Henry to said Philadelphia & Erie Railroad Company.

4. The said crossing has since been used by said Francis Henry, and those respectively deriving title under him, to and including the plaintiffs respectively, under a claim of right to so use said crossing continuously, from the date when said crossing was constructed until the commission by the defendant of the acts complained of in this case.

5. The crossing in question has been the means of access to the public road by the plaintiffs and their predecessors in title, to and from their respective properties, since their occupation of them and the construction of said crossing.

6. There is nothing in the evidence to indicate that the plaintiffs contemplate any greater use in the future of the crossing in question than they have heretofore used the same in the past.

7. The crossing in question is the most convenient way of access by the plaintiffs to the post office, depot, places of business and other places in the village of Sheffield.

### CONCLUSIONS OF LAW.

1. The plaintiffs are entitled to maintain the injunction proceedings in this case.

2. The covenant in the deed, under which the defendant's lessor acquired his right of way, to wit: " The company to provide four suitable farm crossings at places to be designated by Mr. Henry," is to be construed strongly in favor of the landowner.

3. The respective parties thereto have construed the covenant, to wit: " The company to provide four suitable farm crossings at places to be designated by Mr. Henry," in the deed from Mr. Henry to the defendant's lessor, to cover the uses which the plaintiffs were making of the crossing in question at the time of the interference complained of with such crossing by the defendant.

4. The plaintiffs are entitled to have the injunction prayed for made permanent, and the defendant required to restore the crossing in as good order and condition as it was at, and immediately before, the same was interfered with by the defendant.

*Error assigned* was the decree awarding the injunction.

*J. Ross Thompson,* of *J. Ross Thompson & Son,* for appellant.—We contend that these crossings were intended solely for farm purposes, and when the land ceased to be used as farm land, when it was cut up into village lots and not used for the original purpose intended, the right to claim this crossing by the plaintiffs, owners of the lot, ceased, and the defendants had a clear and undoubtable right to close the same.

We contend, further, that if the plaintiffs had a right to use this crossing as claimed, and this right was interfered with, they had an adequate remedy at law and not in equity : Brown v. Pittsburg, Carnegie & Western R. R. Co., 29 Pa. Superior Ct. 131.

*D. I. Ball,* for appellees.—These crossings were a material part of the consideration for the right of way in the deed from

Mr. Henry : Brown v. R. R. Co., 29 Pa. Superior Ct. 131 ;
Mount Pleasant Coal Co. v. R. R. Co., 200 Pa. 434 ; Neff v.
Penna. R. R. Co., 202 Pa. 371 ; Republic Iron Works v. Burg-
win, 139 Pa. 439 ; Kaul v. Weed, 203 Pa. 586 ; People's Nat-
ural Gas Co. v. Wire Co., 155 Pa. 22.

OPINION BY MR. JUSTICE ELKIN, June 3, 1907 :

The rights of the plaintiffs accrue under a covenant in the
deed of their predecessor in title conveying to the railroad
company a right of way. " The company to provide four
suitable farm crossings at places to be designated by Mr.
Henry," is the covenant upon which the appellees rely to sus-
tain their contention. The right to the crossing does not de-
pend upon any statutory authority, but is of contractual origin.
The owner of the land at the time the deed of right of way
was executed and delivered, and as a part of the consideration
therefor, reserved to himself and to his successors in title four
farm crossings to be provided by the railroad company, but
only one of the crossings has ever been demanded or provided.
The appellant now claims the right to tear up and destroy the
one crossing which has been maintained by the railroad com-
pany and used by the plaintiffs for a long period of time.
The ground upon which appellant undertakes to assert its
right to tear up and destroy the crossing is that the present
use being made of it is not within the meaning of the covenant
in the deed providing for a farm crossing. The effort is made
to limit the rights of the parties under the deed to the use of
the crossing for farm purposes. Alleging that the crossing is
not used for farm purposes, the railroad claims the right to
destroy it for any purpose. Hall v. Clearfield and Mahoning
Railway Company, 168 Pa. 64, The Republic Iron Works v.
Burgwin, 139 Pa. 439 are relied on to support this conten-
tion. An examination of these cases has convinced us that
they are not authority for the position taken by appellant.
In Hall v. Railway Company, the agreement for the right
of way contained a stipulation "that said railway company
shall construct and maintain a good and sufficient crossing
over the right of way on said premises." Prior to the con-
struction of the crossing the railway company prepared a deed
in which no mention was made of the crossing, and the land-

owner refused to execute the same on the ground that the stipulation for a crossing had been omitted.    The landowner then tendered a deed to the railroad company, reserving a sufficient crossing over the right of way, " so that the occupant or occupants of the said premises of the parties of the first part may cross or pass over the said railroad on the premises with wagons, carts and implements of husbandry as the occasion may require."    It will be observed that no question was raised in that case as to the meaning of the words " farm crossing." The covenant in the agreement was for " a good and sufficient crossing," and the court below held that the deed tendered by the landowner was in compliance with the terms of the agreement.    That case turned not upon the kind of a crossing reserved, but upon the question whether the covenant in the agreement requiring a sufficient crossing to be provided ran with the deed, or whether it was independent of and disconnected with the right of way.    It was held that the covenant ran with the deed and the landowner was entitled to have it inserted therein.    It has been many times said, and we now repeat, that all contracts made by a railroad company with the landowner whereby privileges are wholly or in part obtained without condemnation are favorably regarded by the courts and will be construed strongly in favor of the landowner: Mount Pleasant Coal Co. v. Railroad Co., 200 Pa. 434; Neff v. Railroad Co., 202 Pa. 371; Kaul v. Weed, 203 Pa. 586; Mills on Eminent Domain, sec. 110.

The learned court below found as a fact that the parties themselves placed a construction upon the covenant by permitting the use of it for a long period of years in the usual manner of passing over a right of way.    Having placed their own construction upon the covenant, it is now too late to disclaim the use made of the crossing in which the company acquiesced for so long a time.    The owners of the land have been using the crossing under the covenant in the deed since 1858, and the presumption necessarily arises that all of the parties considered the use made of it such as was contemplated by the covenant to provide a farm crossing.    We have carefully examined this case and concur in the findings of fact and conclusions of law stated in the opinion of the learned court below.

Decree affirmed, costs to be paid by appellant.