Rumsey, J.
A careful consideration o°f the, evidence shows that there is really but little conflict as to the actual facts. Upon these facts the claim of the plaintiff that he acquired a right to the use of the lane by adverse possession cannot 0be sustained. He is therefore forced to stand upon the position that the right exists by implication as a consequence of the condition of the premises at the time of the conveyance of the east half of the farm by John Shoemaker to the defendant.
Before that conveyance John Shoemaker was the owner of the whole farm, and he had fenced out this *82 lane through the centre of it for the more convenient access to all parts of it. When he conveyed the eastern half of it to the defendant, the line between the two parts ran substantially through the center of the lane. The grantor, however, although he still retained the fee in one half of the lane, did not expressly reserve any right of way over the portion conveyed to the defendant. The question in the case is whether such a reservation is implied.
It is doubtless the law in this State that where the owner of an entire farm sells a portion of it, all those continuous and apparent easements which have been and are at the time of the grant used by the owner of the entirety for the benefit of the part granted will pass to the grantee under the grant (Lampman v. Milks, 21 N. Y. 505; Parsons v. Johnson, 68 N. Y. 62-66, and cases cited). The plaintiff claims that the same rule exists in favor of the grantor, and that upon the severance of the tenement the law will imply a reservation of such easement as the grantor had and then used over and upon the granted premises for the benefit of the part retained.
The question whether such a reservation is thus implied has not been decided by the court of appeals or by this court. In Lampman v. Milks (supra) it was not involved, and although some of the expressions of Seldeb", J., seem to go far enough to include it, the question was not in the case, and was not decided. In Butterworth v. Crawford (46 N. Y. 349, 357), where the question seems to have been argued, the court refrain from expressing any opinion. There is, therefore, no adjudication binding on this court. But the question has been the subject of discussion and decision by Judge Ebbed maw, of the superior court of New York, sitting in special term in a case where the precise point was presented, and áfter a careful and exhaustive opinion, in which he examined many au *83 thorities, the judge held that no such reservation was implied. The question has not been «decided elsewhere in this State. Since the decision in Outerbridge v. Phelps (45 Super. Ct. [J. & S.] 555) last cited, was made by Judge Freedman, the same question has been several times presented to the English courts, and the case of Pyer v. Carter (1 H. & N. 916), which is relied upon by the plaintiff here, and is generally cited as the leading authority for the implication of a reservation, has been repeatedly examined. As is stated in Outerbridge v. Phelps, Pyer v. Carter was overruled by Lord Westbury in Suffield v. Brown (4 De G. J. & S. 185). The question was again presented to the court of chancery in Crossley v. Lightowler (L. R. 2 Ch. App. 478), and Lord Chelmsford expressed his approval of the case of Suffield v. Brown and refused to follow Pyer v. Carter. In the subsequent case of Watts v. Kelson (L. R. 6 Ch. App. 166) the lord justices of appeal expressed their approval of Pyer v. Carter. But the question in Watts v. Kelson was whether, upon the severance of the property and a sale of part by the former owner of the whole, a grant would be implied of a continuous easement for the benefit of the part granted. The question whether a reservation would be implied of an easement over the granted premises for the benefit of the part retained was not in the case. The two cases last cited, although decided and reported several years before Outerbridge v. Phelps, are not referred to in the opinion in that case. But in a later case the court of -appeal, upon a review of all the cases, seems to have definitely settled the question, so far as the English courts are concerned, in accordance with the views of the lord chancellor in Suffield v. Brown, and to have formulated the rules governing cases where easements are sought to be implied (Wheeldon v. Burrows, 12 Ch. Div, 31). In delivering the opinion of the court, Lord Justice Thesiger lays down two propositions, as con *84 taining the general rules for such cases. The first of these rules is, that on a grant by the owner of a tenement as it is then used, and enjoyed, there will pass to the grantee all those apparent and continuous easements which are necessary to the reasonable enjoyment of the property granted, and which have been and are at the time of the grant used by the owner of the entirety for the benefit of the part granted. The second proposition is, that if the grantor intends to reserve any right over the tenement granted, it is his duty to reserve it expressly in the grant (supra, p. 49).
The question has been lately examined by the supreme court of Maryland in an elaborate opinion, in which the American cases in the subject are cited, and the court concludes that the “distinction between what has been called an implied grant, and what has been attempted to be established under the name of an implied reservation” is well founded, and they adopt and apply it (Mitchell v. Supel, 36 Am. R. 404-413).
The subject is also thoroughly examined in a learned note to the case last cited, in which many authorities are cited and commented upon. The case of Pyer v. Carter was very fully reviewed and criticised in the American Law Review, and its fallacy exposed (4 Am. L. Rev. 40).
The supreme court of Masschusetts seems to reject entirely the English and New York doctrine as to implied grants as well as implied reservations (Bress v. Dyer, 125 Mass. 287, 291).
Upon careful examination of the cases cited, as well as many others, I conclude that the true rule is that when the owner of an estate has been in the habit of using for the benefit of his estate an easement first created by himself during the unity of the owership and he sells the servient part of the estate there is no implied reservation to him of using the easement over, the part so sold, except in the case of strict and absolute *85 necessity. The facts in this case show that there was no necessity to use this way for the benefit of the portion of the farm retained by John Shoemaker, and, therefore, I conclude that there was no reservation of any right to use the part of the lane conveyed to defendant.*
I have put no stress on the nature of the way as a non-continuous easement, although the fact that it is such would probably be fatal to the plaintiff’s claim, even if the doctrine of an implied reservation was regarded as established (Parsons v. Johnson, 68 N. Y. 62-66; Outerbridge v. Phelps, 45 Super. Ct. [J. & S.] 555-570).
The plaintiff claims that although he had not established his right to use the entire lane as an easement, yet, as it appears that he has the title in fee to one half of it, and the defendant has ousted him from that part, he should have relief in this action in respect to that.
Upon that point it is sufficient to say, that such an ouster is the subject of an action of ejectment or for trespass as the facts require, and it is not necessary to invoke the equitable power of the court to restrain it.
Upon the whole case, the complaint must' be dismissed with costs.*

 This conclusion is also supported by the decision of the supreme court, in the third department, in Dales v. Ceas, of. which an abridgement may be found in 5 Weekly Big. 400. For other cases on the general principle of implied grant of easement, see Mayor of N. Y. v. Hart, 16 Hun, 380 (patent for lands); Simmons v. Cloonan, 81 N. Y. 557, affirming 7 Hun, 470; Flint v. Bacon, 13 Hun, 454 (implication of purchasers’ knowledge); Ogden v. Jennings, 62 N. Y. 526, affirming 66 Barb. 301 (convenience not enough); Farrington v. Bundy, 5 Hun, 617 (stairs and landing); Protestant Reformed Dutch Church v. Bogardus, Id. 304 (case of a church without power to convey).