(18 Misc. Rep. 514.)

FRITZ v. TOMPKINS.

(Supreme Court, Special Term, Delaware County. November 24, 1896.)

1. EASEMENTS—UNION OF DOMINANT AND SERVIENT TENEMENTS.

    A right of way does not revive and pass by the word "appurtenances," where a person purchases land formerly a dominant tenement, but having its easement extinguished by the union of the dominant and servient tenements in the grantor.

2. SAME—IMPLIED RESERVATION—WAY OF NECESSITY.

    Where an owner of adjoining lots conveys one of them, and access to the other can be had only over the one conveyed, there is an implied reservation of a right of way to the grantor, and those claiming under him, so long as the necessity for the way exists.

3. SAME—LOCATION OF WAY—RIGHT OF SERVIENT OWNER.

    The owner of a servient estate, by joining with the owner of the dominant estate in building a line fence up to a road, selects such road as the one that must be used.

4. EVIDENCE—JUDGMENT.

    A judgment in an action between the same parties, not pleaded as a bar in a pending suit, is admissible as evidence of any material fact in issue litigated in the former action.

Action by John Fritz against Winfield Tompkins to establish a right of way across defendant's farm, and to enjoin him from interfering with the exercise of the right. Judgment for plaintiff.

Wagner & Fisher, for plaintiff.

Wesley Gould and Marvin & Hanford, for defendant.

MATTICE, J. The plaintiff and defendant are owners of adjoining farms, designated as subdivision lots Nos. 5 and 6, in the easterly half of division No. 29 of great lot No. 2 of the Hardenburgh patent. Lot 5 does not adjoin any public highway, and the plaintiff has no means of access to the public way, except over lot 6 or over the lands of strangers. July 9, 1870, one Isaac N. Parmienter was the owner of both lots 5 and 6. On that day he conveyed lot 5 by warranty deed to one John M. Reynolds, and lot 6 to one Ingraham Hurlbert. In the deed to Reynolds appears the following grant:

"Also hereby granting to the said party of the second part the right to use a private road excepted and reserved from the premises granted and conveyed unto Ingraham Hurlbert by said party of the first part by warranty deed bearing even date herewith, to which reference is here made."

The deed to Hurlbert contained the following reservation:

"Excepting and reserving therefrom a right of way across said premises of sufficient width to pass and repass with teams and vehicles, and running from the highway along the lane between said premises and lands of Cyrus Peak to the southeast corner of the premises hereby granted."

The fee to both lots 5 and 6 vested in one Egbert A. Clark by purchase at foreclosure sales July 16, 1881. In December, 1882, Clark sold lot 6 to the defendant, and agreed to convey with covenants of warranty, but did not reserve in the instrument a way across lot 6 to lot 5. Defendant went into possession of lot 6, fulfilled the contract with Clark, and afterwards received a deed from Clark's heirs. In January, 1884, Clark sold lot 5 to the plaintiff, who went into possession, and performed his contract, and afterwards received a deed from the heirs of Clark. Neither the contracts of sale nor the deeds contained any particular or general words indicating an intention to grant or reserve the way.

The unity of title and possession in Clark of both lots 5 and 6 destroyed the easement theretofore created by the grant of Parmienter to Reynolds. One cannot have an easement in his own lands. Where there has been a dominant and servient tenement, and the ownership of such tenements has been unified, the easement becomes merged and extinguished. When the ownership was again severed by the conveyance of lot 6 to the defendant and lot 5 to the plaintiff, no easement existed. The way did not pass by the word "appurtenances." Parsons v. Johnson, 68 N. Y. 62. The plaintiff, therefore, cannot maintain this action, based upon the grant and reservation contained in the deeds given by Parmienter, for the reason that the easement was extinguished by the subsequent unity of title in Clark, the immediate grantor of both the plaintiff and defendant.

Does a way over lot 6 exist by reason of necessity? It is well settled, both upon principle and authority, that there is an implied grant of such a way, in favor of the grantee over the lands of the grantor, where the necessity exists and so long as it exists. Palmer v. Palmer, 150 N. Y. 139, 44 N. E. 966; Trust Co. v. Milnor, 1 Barb. Ch.

353; Holmes v. Seely, 19 Wend. 507; Simmons v. Sines, 4 Abb. Dec. 246. The courts of this state have not yet decided that an implied reservation of such a way exists in favor of the grantor over the lands granted. That doctrine, however, has been well established in several states. Adams v. Marshall, 138 Mass. 228; Schmidt v. Quinn, 136 Mass. 575; Brigham v. Smith, 4 Gray, 297; Alley v. Carleton, 29 Tex. 74; Pingree v. McDuffie, 56 N. H. 306; White v. Bass, 7 Hurl. & N. 732; Clark v. Cogge, Cro. Jac. 170; Seymour v. Lewis, 13 N. J. 444; Ogden v. Grove, 38 Pa. St. 487.

As before stated, lot 5 does not abut upon any highway. The northeast corner is nearest the highway. About the year 1870, and shortly after his purchase of lot 5 from Parmienter, Reynolds constructed a road from the southeast corner of lot 6, a distance of a few rods, to the highway. Reynolds built the road pursuant to the grant contained in his deed, and upon the land reserved for that purpose by Parmienter in the conveyance of lot 6 to Hurlbert July 9, 1870. Hurlbert occupied lot 6 at the time Reynolds built the road. This road has been used more or less by the various occupants of lot 5 down to the time the obstructions complained of were placed therein by the defendant in 1893. When the occupant of lot 6 also occupied lot 5, he did not use this way, for the reason that it was more convenient to reach lot 5 from his buildings in another direction, and across the meadow of lot 6. When the defendant went into possession of lot 6, and when he entered into his contract of purchase, this road was open and visible. When the owners of lots 5 and 6 built the line fence, they built to the road, and not across it; and later, when plaintiff and defendant built a new line fence, they set a bar or gate post on the easterly side of the road, and did not build across it. At the time the new fence was built, the plaintiff was using the road, and continued such use, without objection by defendant, until the fall of 1893, when defendant obstructed it. When the defendant purchased lot 6, the necessity for a way was obvious, the road was open and visible, and therefore the burden or servitude was apparent. Under such circumstances it must be held that, in the conveyance of lot 6 to the defendant, there was an implied reservation of a way to the grantor and those claiming under him so long as the necessity for one should exist.

Such implied reservation is not in derogation of the grant, nor repugnant to the covenants of warranty contained in the deed. These views are not in conflict with those expressed in Rea v. Minkler, 5 Lans. 196. It was there held that the existence and use of a private right of way by express grant over the demised premises, to which they were subject at the time of the conveyance, was a breach of the covenant of warranty contained in the deed. There is a broad distinction between a right of way by necessity, and one conveyed by express grant. The one terminates when the necessity ceases. The other is fixed by the terms of the grant, and becomes permanent. This distinction was recognized in Rea v. Minkler, supra. At page 200, Miller, P. J., says:

"There is a palpable distinction between a right of way by necessity and one conveyed by grant."

Indeed, this distinction is preserved in those cases where it is held that easements cannot be reserved by implication in favor of the grantor.

In Carbrey v. Willis, 7 Allen, 364, it is said:

"Where there is a grant of land by metes and bounds, without express reservation, and with full covenants of warranty and against incumbrances with them, there is no just reason for holding that there can be any reservation by implication, unless the easement is strictly one of necessity."

In Adams v. Marshall, 138 Mass. 228, it was stated that:

"The strictness with which this rule is held, as between grantees from one grantor by deeds simultaneously delivered, is shown by Buss v. Dyer, 125 Mass. 287, and is as there stated. The English cases which deny the authority of Pyer v. Carter, 1 Hurl. & N. 916, agree with ours that a grantor cannot be permitted to derogate from his absolute grant unless in case of a strict necessity. * * * The law upon ways by necessity has been frequently considered by this court, and it is established that such ways exist only so long as the necessity exists; that the reservation of such a way to the grantor is to be implied, when necessary, as well as the grant of such a way to the grantee; and that this implied reservation of a way to the grantor over land granted is not a breach of the covenants of warranty or against incumbrances contained in the deed."

In Outerbridge v. Phelps, 13 Abb. N. C. 117, Friedman, J., after a careful and exhaustive examination of many cases, states the rule as follows:

"Where the owner of two or more tenements sells one of them, or the owner of an entire estate sells a portion, the purchaser takes the tenement or the portion sold with all the benefits that appear at the time of the sale to belong to it, as between it and the property which the vendor retains. But no burden or servitude can be imposed by the vendor upon the tenement or the portion sold, in favor of the property retained by him, in derogation of his grant, without reservation expressed in the grant, at least, unless an apparent sign of servitude exists on the part of the tenement or portion retained, and the easement claimed is strictly necessary to the enjoyment of the property retained. In the latter case visibility and strict necessity must both concur."

In Shoemaker v. Shoemaker, 11 Abb. N. C. 80, Rumsey, J., states the rule to be that:

"When the owner of an estate has been in the habit of using for the benefit of his estate an easement first created by himself during the unity of an ownership, and he sells the servient part of his estate, there is no implied reservation to him to use the easement over the part so sold, except in the case of strict and absolute necessity."

In the limited time devoted to the examination of this subject, I have been unable to find any reported case holding that an implied reservation of a way of necessity in favor of the grantor cannot exist. It is urged that, when the grantor sells the portion of his land next to the highway without taking the precaution to reserve a right of way over the lands granted, and thus voluntarily leaves the remaining portion cut off from the public way, he ought not to be entitled to the benefit of an implied reservation of a way of necessity. It could also be said, with equal force, that when a grantee takes a conveyance of the interior portion, without taking the precaution to exact a grant of a right of way over the grantor's remaining portion, and thus voluntarily cuts himself off from the public way, he ought not to be entitled to the benefit of an implied grant of a way of necessity. Yet, as before stated, it is well settled in this state

that such an implied grant exists in favor of the grantee. The most that can be said against an implied reservation in favor of the grantor is that such doctrine apparently somewhat conflicts with the maxim that no man can be heard to claim in derogation of his own grant.

I am not unmindful that in nearly all cases a clear distinction is made between grants and reservations by implication, and the doctrine maintained that the grantor cannot derogate from his absolute grant by claiming rights over the thing granted. Easements of strict necessity, however, seem to be an exception to the general rule. In Mitchell v. Seipel, 53 Md. 251, the rule was held, with some strictness, that no implied reservation existed, and the court refused to allow a reservation to be ingrafted upon the grant; yet the case cites with approval Richards v. Rose, 9 Exch. 218, and says:

"This furnishes another instance of an easement of necessity within the exception to the general rule forbidding implied reservations."

The right of the owner of the servient estate to locate the way cannot be doubted. If he omit to do so, the owner of the right of way may locate it. Palmer v. Palmer, 147 N. Y. 147, 44 N. E. 967. In this case the parties practically agreed upon the location of the way by building the line fence, and leaving a gateway across the old way built by Reynolds in 1870 under the grant contained in his deed. The defendant, the owner of the servient estate, by that act selected the old way as the one plaintiff must use. The old way was situated where it would do the least harm to the defendant,—in the southeast corner, and close to the highway,—requiring the use of only a few rods of land.

The remaining question arises upon the claim of the defendant that the judgment obtained by him in another action, brought in justice's court, against the plaintiff, for trespass in placing obstructions on the way in question, is a bar to this action. That judgment was not pleaded as a bar, but was given in evidence upon the trial. The pleadings show that both parties claimed title to the fee in the action of trespass. The justice was ousted of jurisdiction, and the action tried in this court. On the trial the defendant (this plaintiff) was not permitted, under his pleadings, to show the facts constituting his easement or right of way, and a verdict was directed for the plaintiff. The judgment, not having been pleaded as a bar in this action, could only be received as evidence of material facts in issue. It did not bear at all upon the facts constituting the plaintiff's right of way by necessity. The judgment in the former action throws no light upon the subject, because the question was not litigated, and could not have been under the pleadings. It may be true that a judgment, when pleaded as a bar, is conclusive upon all questions which were litigated or might have been litigated in the former action; yet, when not so pleaded, it can be regarded only as evidence upon a material fact in controversy. And its conclusive character upon such facts is, doubtless, as great as if the judgment had been pleaded. Krekeler v. Ritter, 62 N. Y. 372. But it is not conclusive except as to those facts actually litigated or questions determined in the former action. Marston v. Swett, 66 N.

Y. 206–211; Marsten v. Olcott, 101 N. Y. 152, 4 N. E. 274; Dawley v. Brown, 79 N. Y. 390. The facts upon which the plaintiff's right of way depended were not the subject of controversy in the former action, and the judgment is not a bar to the plaintiff's right to recover in this action.

The plaintiff is, therefore, entitled to judgment establishing his right of way by necessity, and enjoining the defendant from interfering with the exercise of that right until the necessity ceases.