CATHERINE V. CAULFIELD, Plaintiff, *v.* BELLE LOBENSTINE, Defendant.

Municipal Court of the City of New York, Borough of Manhattan, Fourth District, June 5, 1924.

Easements — right of way — action for damages arising from defendant's removal of attached party wall balconies used as fire escapes by occupants of adjoining buildings — fire escape deemed " right of way " where it is not integral part of building —" right of way," being non-continuous or discontinuous easement, can only pass to subsequent grantees by words in deeds sufficient to create new easement — word " appurtenances " not sufficient to create easement —" right of way " did not pass to subsequent grantees, including plaintiff, by use of word " appurtenances " in deeds or by implication of law where substitute right of way is available to plaintiff.

A fire escape is but a " right of way " where it is not an integral part of two buildings in the same sense as a party wall, or a joint foundation.

A " right of way " is a non-continuous or discontinuous easement and as such it can only pass to subsequent grantees by words in the deed sufficient to create a new easement and annex it to the newly-made dominant and servient tenements.

The word " appurtenances " in a deed is not sufficient to create a new easement and annex it to the newly-made dominant and servient tenements.

Accordingly, the plaintiff is not entitled to damages in an action arising from the defendant's removal of attached party wall balconies used as fire escapes for the joint use of the occupants of adjoining buildings where the right of way claimed is a discontinuous or non-continuous easement which neither passed to subsequent grantees, including the plaintiff, by any express covenant or reservation in the deeds except the word " appurtenances " nor passed by implication of law as a " way of necessity " since a substitute right of way has at all times been available on or over the alleged dominant estate, owned by the plaintiff.

SUBMISSION of a controversy upon an agreed statement of facts pursuant to section 547 of the Civil Practice Act.

*Andrew J. Morris,* for the plaintiff.

*Robert H. Hibbard,* for the defendant.

GENUNG, J.   This is a controversy submitted upon an agreed statement of facts.   The premises involved are located at 434–436 East Fifty-seventh street, borough of Manhattan.   To the outside walls of these two houses were attached party wall balconies as fire escapes for the joint use of the occupants, and so constructed as to be accessible from one window of each building.

In 1880 these two premises were conveyed by the then owner, John Livingston, to Elizabeth Floyd by a single deed.   In 1902 the premises located at 434 East Fifty-seventh street were conveyed

by the heirs of Elizabeth Floyd to William H. Brown and thereafter, in 1912, were conveyed by the latter to the plaintiff herein. In 1903 the premises located at 436 East Fifty-seventh street were conveyed by the heirs of Elizabeth Floyd to George E. Kitching and thereafter, in 1922, were conveyed by the executors of George E. Kitching to the defendant herein. None of the deeds above mentioned contained any express covenant or reservation as to these joint fire escapes, except as they may be comprehended under the word " appurtenances."

At the time the plaintiff took title in 1912 these joint fire escapes were attached to the exterior walls of 434 and 436 East Fifty-seventh street, extending across the party wall dividing the two premises. They were visible and apparent and long in use, until in March, 1923, when the defendant, after prior notice to the plaintiff, removed these joint fire escapes in order to make alterations and improvements on the premises 436 East Fifty-seventh street, then owned by the defendant. The plaintiff claims that she was possessed of and entitled to an easement of support in those joint fire escapes; that is to say, a servitude was imposed by law on each tenement in favor of the other, requiring that the walls supporting these joint fire escapes be permanently maintained in such manner as not to destroy these fire escapes.

No decisions classifying fire escapes in respect to the law of easements have been cited. Considering the proposition *de novo*, it would appear that a fire escape is but a " right of way," in so far as appertains to the question here at issue. This must be so. The fire escapes were not an integral part of the two buildings in the same sense as a party wall, or joint foundation. They are additional means of exit in the same sense as emergency stairways in a building or a special roadway over land. Thus defined and considered, the question at issue herein is simply whether the destruction of this " right of way " by the defendant, the plaintiff being entitled to its use as long as it was maintained in its original condition, gives the plaintiff a right of action against the defendant for damages.

" Right of way " easements must arise in one of three ways: (1) By prescription; (2) by express covenant or reservation; or (3) by the owner of a parcel of land subjecting one part to an open, visible, permanent, continuous, artificial service or easement in favor of the other part, prior to alienating either part. In this last case the purchaser or grantee takes subject to the burden or benefit, as the case may be. *Simmons* v. *Cloonan,* 81 N. Y. 557; *Roberts* v. *Roberts,* 55 id. 275; *Farley* v. *Howard,* 60 App. Div. 193; affd., 172 N. Y. 628; *Lampman* v. *Milks,* 21 id. 505.

Assuming, without deciding, that such an easement as the one here claimed could, on the other facts and circumstances of the case, arise by prescription, there is a failure of proof of the existence of the right claimed for the period of time necessary to create such an easement by prescription. There is no express covenant or reservation in any of the deeds creating or maintaining such an easement in these fire escapes. They are not mentioned. Plaintiff obviously seeks to found her claim on the third method above mentioned.

A "right of way" is a non-continuous or discontinuous easement. *Schrymser* v. *Phelps*, 62 How. Pr. 1, 5; *Shoemaker* v. *Shoemaker*, 11 Abb. N. C. 80, 85. The distinction between "continuous" and "discontinuous" easements has been stated as follows: "Continuous are those of which the enjoyment is, or may be, continual without the necessity of any actual interference by man. Discontinuous are those, the enjoyment of which can be had only by the interference of man, as rights of way, or a right to draw water." Bouvier L. Dict. 968; *Lampman* v. *Milks, supra;* Chase's Black. Comm. 232, n.

It must be conceded that one of plaintiff's and defendant's common predecessors in title constructed the fire escapes in question, *i. e.*, this then owner of both tenements created the right of way before alienating either tenement. Being a discontinuous or non-continuous easement it could only pass to subsequent grantees, the plaintiff and the defendant, by words in the deed sufficient to create it a new easement and annex it to the newly made dominant and servient tenements, and the word "appurtenances" is not sufficient. *Logendyke* v. *Anderson*, 101 N. Y. 625; *Parsons* v. *Johnson*, 68 id. 62, 66; *Fetters* v. *Humphreys*, 19 N. J. Eq. 471. In other words, a "right of way" is not such an easement as passes by implication of law on a severance of the tenements and a grant of one. Only a "way of necessity" could so pass, and when that "way of necessity" cannot be obviated by a substitute constructed on or over the dominant estate. *Fetters* v. *Humphreys, supra.* In the present case the "right of way" claimed by the plaintiff is not a "way of necessity," as shown by the fact that plaintiff's measure of damages sought to be recovered is the cost of constructing a substitute right of way on and over the alleged dominant estate.

By way of summation, the conclusion is, therefore, that the alleged easement, for the destruction of which the plaintiff claims damages, is a "right of way," created by a common predecessor in title of plaintiff and defendant, and as such is a discontinuous or non-continuous easement. It did not pass to subsequent grantees,

including this plaintiff, by any express covenant or reservation in the deeds, the word "appurtenances" being insufficient for that purpose. It did not pass by implication of law as a "way of necessity," as a substitute right of way has at all times been available on or over the alleged dominant estate, owned by the plaintiff. It follows, therefore, that judgment must be granted in favor of the defendant.

Judgment accordingly.