ROSA FALCONE, Plaintiff, v. ARTHUR E. BENJAMIN and Others, Defendants.

Supreme Court, Livingston County, December 2, 1926.

Easements — right of way — plaintiff owns part of parcel conveyed with no provision for right of way to public highway — right of way is implied over remaining lands of grantor — right of way by necessity impressed upon remaining lands of grantor is not affected by subsequent conveyances by him.

Plaintiff, who owns two acres of land constituting a parcel conveyed by a common grantor, in which no provision for a right of way to a public highway was made, so that plaintiff is without any means of access to a public road unless the remaining lands of the grantor were impressed with such right of way by necessity when the conveyance was made, is entitled to a judgment giving him a right of way to the public highway.

Where a grantor conveys property without a right of way out, there is an implied right of way over the remainder of his land; this right of way exists by the most reasonable and convenient route and no subsequent grantee is exempt from the easement of the right of way.

ACTION to establish right of way.

*Crane & Stedman,* for the plaintiff.

*Austin W. Erwin,* for defendants Benjamin, Willson and Snell.

*Richard L. Saunders,* for the defendants Greffrath and others.

RODENBECK, J. The plaintiff owns two acres of muck land in the town of Lima constituting a part of a parcel of 15 acres con-

veyed by Charles S. Shepard February 15, 1849. Shepard was the owner of about 300 acres and in conveying the 15-acre parcel he made no provision for a right of way to a public highway on the south upon which the 300 acres abutted. The two acres of the plaintiff are without any means of access to a public road unless the remaining lands of the grantor Shepard were impressed with such a right of way by necessity when the conveyance was made. After the conveyance of the 15-acre parcel Shepard conveyed to D. Shepard on April 11, 1849, all of the farm not previously conveyed, except 30 acres, consisting of about 110 acres. By this conveyance he cut off the 15-acre parcel from access to a public highway unless such access existed as a matter of necessity. (*Empire Bridge Co.* v. *Larkin Soap Co.*, 59 Misc. 46. See *Falcone* v. *Thomas*, 194 N. Y. Supp. 643.) Under the rule of law applicable to a situation where a grantor conveyed property without a right of way out, there was an implied right of way over the remainder of his land. (*Palmer* v. *Palmer*, 150 N. Y. 139; 19 C. J. 923; *Brigham* v. *Smith*, 4 Gray [Mass.], 297, 298; *Fritz* v. *Tompkins*, 18 Misc. 514.) This right of way was interfered with when Charles S. Shepard conveyed to D. Shepard on April 11, 1849, the remaining portion of the 300 acres over which access might have been had to the public road. This right of way existed by the most reasonable and convenient route and no subsequent grantee is exempt from the easement of the right of way which might reasonably be determined upon as the most convenient one under all the circumstances.

There are three routes that might be selected. One of these, which may be called route No. 1, is along the east line of the Gray property to the south line of the Gray property, thence along the southerly line around the sheds in the southwest corner, across the State ditch, thence southerly along the existing private roadway on the west side of the State ditch through the property of Greffrath and Gezell to the public highway. Another, which may be called route No. 2, is along the east line of the Gray property to the State ditch, thence across the State ditch along the east line of Benjamin's property and the east line of the Snell and Gibbons lands to the public highway. The third route would be along the east line of the Gray property to the State ditch, thence across the State ditch along the east line of the Benjamin property to the south line, thence westerly along the south line of the Benjamin property to the private roadway on the east side of the State ditch, thence along this roadway to the highway.

All of the parties who would be affected by any of these routes are now before the court and any one of them is open to selection.

The objection to route No. 1 is that it imposes most of the burden upon the Gray property and appropriates without compensation the roadway laid out along the west line of the State ditch upon which large expenditures of money have been made. The objection to the third route is that it imposes the burden chiefly upon the Benjamin property and likewise appropriates without compensation a roadway upon which large expenditures have been made. The second route is along lands where no roadway has been built and to be available to the plaintiff it would be necessary for her to construct a bridge over the State ditch and to put and keep the right of way in passable condition. If other lands, isolated as plaintiff's lands are, should sue for a right of way, this route would be available to them upon contribution to the expense of opening and maintenance to which plaintiff will be put.

The second route seems the most reasonable one under all the circumstances and the plaintiff is granted a right of way along this route to the public highway, twelve feet in width along the easterly line of the Gray, Benjamin, Snell and Gibbons property measuring from the west margin of the sodded bank of the ditch adjacent to the east line of said properties, which right of way is to be opened at her own expense.

One bill of costs against the defendants Greffrath, Gezell, Benjamin, Snell and Willson. So ordered.