FANNI STARK, Plaintiff, *v.* PELLIGRINO MULE, Defendant.

Supreme Court, New York County, December, 1931.

*William Schwartz,* for the plaintiff.

*Joseph P. Barbieri,* for the defendant.

SHIENTAG, J. The sole question raised in this case is whether a conveyance of the appurtenances, estate and rights in a house whose fire escape leads over the grantor's property establishes an incumbrance upon the grantor's title to the retained property. The instant case would seem to fall within the rule of *Lampman* v. *Milks* (21 N. Y. 505), covering implied grants of "apparent and visible easements * * * necessary for the reasonable use of the property granted." (See *Paine* v. *Chandler,* 134 N. Y. 385.) I am aware of the decision in *Caulfield* v. *Lobenstine* (123 Misc. 285) that a fire escape is neither an "apparent and visible easement" subject to implied grant, nor an "appurtenance." But in any case we have here an express grant of "rights" which must be construed to cover the grantee's right of way over the grantor's property. (See *Wilson* v. *Ford,* 209 N. Y. 186, 196.) That property is, therefore, subject to an incumbrance which relieves the plaintiff of the necessity of completing his purchase (*Pyror* v. *City of Buffalo,* 197 N. Y. 123) and entitles him to a return of his $2,000 deposit and reimbursement in the sum of $150 for attorney's fees, and in the sum of $215.50 for the expense of examining title. Judgment for plaintiff. Counterclaim dismissed. Submit findings of fact, conclusions of law and judgment on notice.